2015 PA Super 155

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JERRY TAYLOR | |
| Appellant | No. 394 EDA 2014 |

Appeal from the Order dated January 27, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0004655-2013

BEFORE:  STABILE, JENKINS, and MUSMANNO, JJ.

OPINION BY STABILE, J.:                           **FILED JULY 20, 2015**

Appellant Jerry Taylor appeals from the January 27, 2014 order of the Court of Common Pleas of Philadelphia County ("trial court"), denying his pretrial motion to dismiss on double jeopardy grounds a charge under Section 6105 of the Pennsylvania Uniform Firearms Act of 1995 ("VUFA"), 18 Pa.C.S.A. § 6105.  Upon review, we remand the matter to the trial court for compliance with Pa.R.Crim.P. 587(B).

On February 28, 2013, in connection with the February 18, 2013 shooting in which Shay Gibson was injured,[1] the Philadelphia Police Department charged Appellant with, *inter alia*, attempted murder,

---

[1] Unless another source is cited, the facts are taken from the trial court's Pa.R.A.P. 1925(a) Opinion, 8/13/14, at 1-4.

aggravated assault, possessing an instrument of a crime ("PIC"), carrying a firearm without a license, carrying a firearm on the public streets of Philadelphia, and persons not to possess firearms.[2]  On March 1, 2013, the police executed a search warrant on Appellant's residence, confiscating a firearm that was unrelated to the February 18, 2013 shooting.  Appellant, however, was **not charged** with any offenses related to the March 1, 2013 discovery of the firearm.

On March 15, 2013, Appellant was indicted by a grand jury on the foregoing charges stemming from the February 18, 2013 shooting.  Prior to the commencement of trial, the trial court severed the VUFA Section 6105(a)(1) charge (persons not to possess firearm) from all the other charges to be tried.[3]  As a result, the parties agreed to hold a separate trial on the Section 6105 charge.  On November 22, 2013, a jury acquitted Appellant on all charges severed from the VUFA Section 6105(a)(1) charge.

---

[2] 18 Pa.C.S.A. §§ 901, 2502, 2702(a)(1), 907(a), 6106(a)(1), 6108, and 6105(a)(1), respectively.

[3] Section 6105 provides in pertinent part:

> A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence or whose conduct meets the criteria in subsection (c) shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.

18 Pa.C.S.A. § 6105(a)(1).

Following the jury's verdict, the trial court informed Appellant of the outstanding Section 6105 charge related to the February 18, 2013 shooting and provided him with the option of either proceeding to a jury or bench trial. Appellant opted for a jury trial. The court set a trial date for May 5, 2014.[4] On January 5, 2014, Appellant filed a motion to dismiss the severed Section 6105 charge related to the February 18, 2013 shooting based on double jeopardy. Appellant argued that the severed Section 6105 charge should be dismissed because a jury already had "acquitted [him] of the charges of possessing a firearm in connection with" Sections 6106, 6108 and PIC. **See** Motion to Dismiss, 1/5/13, at 5. Differently put, Appellant argued "the initial jury has already decided that [Appellant] [] did not possess a firearm beyond a reasonable doubt." **Id.** Following oral argument, the trial court denied Appellant's motion on January 27, 2014. Appellant timely appealed to this Court.

In his Pa.R.A.P. 1925(b) statement of errors complained of on appeal, Appellant raised the following assertions of error.

> 1. The trial court committed error at the time of trial and again when it failed to grant [A]ppellant's [pre-trial] [m]otion to [d]ismiss. Accordingly, [A]ppellant's trial on the remaining charge of VUFA – 6105 is barred by the doctrines of collateral estoppel and/or double jeopardy in light of the two issues below:
>
> > a. The trial court committed error when it *sua sponte* dismissed the jury after it had returned verdicts of

---

[4] The docket indicates the trial has been continued pending the outcome of this appeal.

not guilty but before they could reach a decision on the remaining bifurcated charge of VUFA – 6105.

b. The trial court committed error and/or prosecutor is barred from bringing [A]ppellant to trial on the charge of VUFA – 6105 because the bills of information list only one date as the date the crime was committed. The prosecutor explained that she wanted to proceed with VUFA – 6105 for possessing a firearm on the day of the shooting and weeks later when the police enter[ed] and search[ed] [A]ppellant's premises. However, the bills of information were never amended to include a second subsequent date. Thus, the charge of VUFA – 6105 applies only to the day of the shooting. Accordingly, the jury's verdict[s] of not guilty to the possessory crimes of VUFA – 6106 and PIC also speak to the possessory charge of VUFA – 6105. The doctrine of collateral estoppel applies to bar a subsequent prosecution.

Appellant's Rule 1925(b) Statement. In response, the trial court issued a Pa.R.A.P. 1925(a) opinion. The trial court preliminarily noted that it severed the Section 6105 charge—and Appellant agreed to the severance—because the charge required evidence that Appellant previously was convicted of a crime. Addressing Appellant's double jeopardy/collateral estoppel argument with respect to the VUFA Section 6105 charge related to the February 18, 2013 shooting, the trial court concluded "[i]n this case, with respect to the Section 6105 charge, jeopardy never attached and the doctrine of collateral estoppel is inapplicable." Trial Court Opinion, 8/13/14, at 7. Specifically, the trial court reasoned "[t]he jury was sworn after the parties agreed to bifurcate the Section 6105 charge. Appellant subsequently was arraigned and pleaded not guilty to all of the above-referenced charges except the charge under Section 6105, for which he was not arraigned, and for which he therefore entered no plea." *Id.*

The trial court rejected Appellant's argument that the court erred in dismissing the jury after it rendered its verdict of acquittal with respect to the non-severed charges arising out of the February 18, 2013 shooting. The trial court noted "Appellant has not advised [the trial court] of any case law or rule of procedure that supports his proposition" that the same jury had to decide the severed Section 6105 charge. *Id.* at 8, n.2.

The trial court next addressed Appellant's argument that the Commonwealth may not prosecute him under Section 6105 in connection with the firearm recovered from his residence on March 1, 2013, because the Commonwealth did not include the March 1, 2013 date in the bill of information filed in connection with the February 18, 2013 shooting. The trial court concluded Appellant was aware of the firearm discovered at his residence on March 1, 2013, and knew the Commonwealth intended to prosecute him for the discovered firearm. *See id.* at 9. The trial court found Appellant "had ample opportunity to prepare a defense to this charge." *Id.* Accordingly, the trial court concluded Appellant suffered no prejudice from the defect in the bill of information. *Id.*

On appeal, Appellant essentially raises three issues for our review.[5] First, Appellant argues the trial court erred in denying his double jeopardy

---

[5] Appellant's questions presented do not match up with the arguments raised in his brief. We, therefore, have reworded the issues to reflect the arguments raised.

claim with respect to the severed VUFA Section 6105 charge related to the February 18, 2013 shooting.[6]   Second, Appellant argues the Commonwealth may not prosecute him for a Section 6105 charge related to the March 1, 2013 firearm discovery, because that charge was not included in the bill of information.[7]   Third, Appellant argues the trial court erred in denying him the ability to be tried for the severed Section 6105 charge related to the February 18, 2013 shooting by the same jury that acquitted him.

Our scope and standard of review is as follows. "An appeal grounded in double jeopardy raises a question of constitutional law.  This [C]ourt's scope of review in making a determination on a question of law is, as always, plenary.  As with all questions of law, the appellate standard of review is *de novo*." **Commonwealth v. Vargas**, 947 A.2d 777, 780 (Pa. Super. 2008) (citations and quotations marks omitted).

Before we may address the merits, we must determine whether we have jurisdiction over this appeal.  **See Commonwealth v. Allburn**, 721 A.2d 363, 365 (Pa. Super. 1998) (noting issues of jurisdiction may be raised

---

[6] The Commonwealth notes in its brief that it does not intend to prosecute Appellant for the severed Section 6105 charge related to the February 18, 2013 shooting.  **See** Appellant's Brief at 10.

[7] The Commonwealth also notes it has not yet charged Appellant with a Section 6105 violation in connection with the March 1, 2013 discovery of the firearm at his residence.  **Id.** at 11.

*sua sponte*), **appeal denied**, 739 A.2d 163 (Pa. 1999).[8]   Instantly,

Appellant claims jurisdiction properly lies in this Court under Pa.R.A.P.

311(a)(6).   Rule 311, relating to interlocutory appeals as of right, provides

in pertinent part:

> **(a) General rule.** An appeal may be taken as of right and without reference to Pa.R.A.P. 341(c) from:
>
>       . . . .
>
> (6) *New trials*. An order in a civil action or proceeding awarding a new trial, or an order in a criminal proceeding **awarding a new trial** where the defendant claims that the proper disposition of the matter would be an absolute discharge or where the Commonwealth claims that the lower court committed an error of law.

Pa.R.A.P. 311(a)(6) (emphasis added).   As the undisputed procedural

history, recited above, demonstrates, Appellant does not appeal an order

granting a new trial, as required under Rule 311(a)(6), but rather an order

denying his pretrial motion to dismiss on double jeopardy grounds.

Accordingly, Rule 311(a)(6) is inapplicable here, and as a result, we cannot

exercise jurisdiction on that basis.

We, nonetheless, may be able to exert jurisdiction over this appeal to

the extent the order denying Appellant's pretrial motion to dismiss on double

---

[8] When considering the proper exercise of appellate jurisdiction, our review is *de novo*, and the scope of review is plenary.  **Commonwealth v. Kennedy**, 876 A.2d 939, 943 n.3 (Pa. 2005) (citation omitted).

jeopardy grounds qualifies as a collateral order under Pa.R.A.P. 313. Rule 313 provides in part:

> A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost.

Pa.R.A.P. 313(b). The comment to Rule 313 specifically cites as an example of a collateral order an order denying a pre-trial motion to dismiss on double jeopardy grounds. *Id. Comment* (citation omitted). Indeed, our Supreme Court has held that orders denying a defendant's motion to dismiss on double jeopardy grounds are appealable as collateral orders, so long as the motion is not found to be frivolous. *See Commonwealth v. Brady*, 508 A.2d 286, 291 (Pa. 1986) (concluding "appeal from the denial of a motion to dismiss on double jeopardy grounds should not be permitted where the hearing court has considered the motion and made written findings that the motion is frivolous. Absent such a finding, an appeal may be taken from the denial of the motion."), *accord Commonwealth v. Orie*, 22 A.3d 1021, 1026 (Pa. 2011).

Years after *Brady*, in 2013, the Pennsylvania Rules of Criminal Procedure were amended to codify the common law framework for motions to dismiss on double jeopardy grounds. In particular, effective July 4, 2013, Rule 587(B) was added to govern pretrial double jeopardy motions. Specifically, Rule 587(B) provides in pertinent part:

(1) A motion to dismiss on double jeopardy grounds shall state specifically and with particularity the basis for the claim of double jeopardy and the facts that support the claim.

(2) A hearing[9] on the motion shall be scheduled in accordance with Rule 577 (Procedures Following Filing of Motion). The hearing shall be conducted on the record in open court.

**(3) At the conclusion of the hearing, the judge shall enter on the record a statement of findings of fact and conclusions of law and shall issue an order granting or denying the motion.**

**(4) In a case in which the judge denies the motion, the findings of fact shall include a specific finding as to frivolousness.**

**(5) If the judge makes a finding that the motion is frivolous, the judge shall advise the defendant on the record that a defendant has a right to file a petition for review of that determination pursuant to Rule of Appellate Procedure 1573 within 30 days of the order denying the motion.**

**(6) If the judge denies the motion but does not find it frivolous, the judge shall advise the defendant on the record that the denial is immediately appealable as a collateral order.**

Pa.R.Crim.P. 587(B) (emphasis added). To establish whether a motion to dismiss on double jeopardy grounds qualifies as a collateral order, trial courts must now, *inter alia*, satisfy Rule 587(B)(3), (4), (5), and (6). Subsection (B)(3) requires the trial court, following a hearing, to enter on the record a statement of findings of fact and conclusions of law and its disposition of the double jeopardy motion. Subsection (B)(4) requires the trial court to render a specific finding on frivolousness in the event the court

---

[9] The comment to Rule 587(B) provides that the term "hearing" under subsection (B)(2) "includes the taking of testimony, or the hearing of argument, or both." Pa.R.Crim.P. 587(B) Comment.

denies the double jeopardy motion.[10]  Subsection (B)(5) requires the trial court, if it finds frivolous the double jeopardy motion, to inform on the record a defendant of his or her right to petition for review under Pa.R.A.P. 1573 within 30 days of the order denying the motion.  Subsection (B)(6) requires the court to advise a defendant of his immediate right to a collateral appeal if the court does not find the double jeopardy motion to be frivolous.

Instantly, our review of the record, in particular the January 27, 2014 argument transcript, reveals the trial court failed to comply with Rule 587(B)(3) though (6).[11]  Specifically, as required under Rule 587(B)(3), following oral argument, the trial court failed to enter on the record a

_____

[10] Although non-binding, as it has not been adopted by the Supreme Court, and by way of background, the final report on Rule 587(B) issued by the Criminal Procedure Rules Committee provides:

> The members of the Criminal Committee noted, anecdotally, that frequently judges will deny the motion to dismiss on double jeopardy grounds without making a finding with regard to frivolousness unless or until a defendant challenges the denial of the motion, and that some judges do not explain the basis for finding the motion frivolous.  Recognizing that these practices are a source of confusion and that they cause problems for defendants and appellate courts when such motions are denied, the amendments require the trial judge to make a specific finding as to frivolousness at the time the judge decides the double jeopardy motion, and further require a trial judge to make a contemporaneous record of the judge's reasons for his or her findings.

Motion to Dismiss Based on Double Jeopardy Grounds Final Report, 6/4/2013, at 3.

[11] We observe the trial court may not have fully appreciated the amendments to Rule 587, as they were barely 6 months old at the time the court decided Appellant's motion to dismiss on double jeopardy grounds.

statement of findings of fact and conclusions of law. Moreover, in denying Appellant's motion to dismiss on double jeopardy grounds, the trial court also failed to render a specific finding on frivolousness, as required under Rule 587(B)(4). The trial court did not find whether Appellant's motion to dismiss was or was not frivolous. Given the trial court's failure to comply with Rule 587(B), we are unable to decide whether we may exercise jurisdiction over this appeal. Consequently, we remand this matter to the trial court for compliance with Rule 587(B) and preparation of a supplemental Rule 1925(a) opinion within sixty days of the date of this opinion.[12] Upon the filing of a supplemental opinion, the certified record is to be returned to this Court.

Case remanded. Panel jurisdiction retained.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/20/2015

_____

[12] Our retaining of jurisdiction over this appeal would not excuse Appellant's non-compliance with Criminal Rule 587(B)(5) and Appellate Rule 1573 in the event the trial court determines his double jeopardy motion to be frivolous.