J-S19005-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JERRY TAYLOR | |
| Appellant | No. 394 EDA 2014 |

Appeal from the Order dated January 27, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0004655-2013

BEFORE:  STABILE, JENKINS, and MUSMANNO, JJ.

JUDGMENT ORDER BY STABILE, J.:          **FILED NOVEMBER 12, 2015**

This case returns to us following our decision to remand to the Court of Common Pleas of Philadelphia County ("trial court") for issuance of a supplemental opinion detailing the trial court's compliance with Pa.R.Crim.P. 587(B).  Briefly, we remanded the case to the trial court because we were unable to determine, based on the trial court's noncompliance with Rule 587(B), whether we could exercise jurisdiction under Pa.R.A.P. 313 (relating to collateral orders) over Appellant's appeal from an order of the trial court denying his pretrial motion to dismiss on double jeopardy grounds.  **See Commonwealth v. Taylor**, 120 A.3d 1017, 1021 (Pa. Super. 2015) (citation omitted).  We explained in **Taylor** that an order denying a double jeopardy motion is appealable as a collateral order so long as the motion is not found to be frivolous by the lower court.  **Id.** at 1021-22.  The

requirement that a lower court render a specific finding on frivolousness in the event the court denies a double jeopardy motion to dismiss is now expressly mandated under Rule 587(B).

Instantly, consistent with our opinion and in compliance with Rule 587(B), the trial court found in its supplemental opinion that it denied Appellant's pretrial motion to dismiss on double jeopardy grounds because it found the motion to be "frivolous and without merit." Trial Court Opinion, 10/9/15, at 5, ¶ 15. Given the trial court's finding on frivolousness, we now conclude that the trial court's order denying the double jeopardy motion does not qualify as a collateral order under Rule 313. Accordingly, we must quash this appeal for want of jurisdiction.

Appeal quashed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/12/2015