J-A09001-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JEFFERY MASSI, | : | |
| | : | |
| Appellant | : | No. 98 EDA 2014 |

Appeal from the Order December 9, 2013,
Court of Common Pleas, Philadelphia County,
Criminal Division at No. CP-51-CR-0001179-2012

BEFORE:  BOWES, DONOHUE and STABILE, JJ.

MEMORANDUM BY DONOHUE, J.:               **FILED DECEMBER 30, 2015**

Jeffery Massi ("Massi") appeals from the order of court denying his motion to dismiss.  Upon review, we find it necessary to remand for further proceedings.

We begin with brief factual and procedural histories.  In December 2011, Massi was serving a probationary sentence.  On December 28, 2011, Probation Agents Butler and Gardner visited Massi's parents' home, where Massi was residing.  Massi's father let the agents into the home and directed them to Massi's room.  Of note, in Massi's room was an entryway to another room ("the utility room"), but no door separated these spaces.

While speaking with Massi in his room, Agent Butler observed a glass pipe in Massi's dresser.  Upon questioning, Massi admitted that he had recently used it to smoke marijuana.  Based on that admission, Agent Butler

and his partner placed Massi under arrest and handcuffed him. While subsequently searching Massi's room, Agent Butler looked into the utility room and saw the exposed handle of a firearm. Massi indicated that the firearm belonged to his father, that it had been in their family for a long time, and that his fingerprints could be on it because he had held it on many occasions in the past. Based upon the items that he discovered during this home visit, Massi was charged with persons not to possess firearms and possession of drug paraphernalia.

The Commonwealth elected to have a violation of probation hearing ("VOP hearing") prior to the resolution of these criminal charges. The Commonwealth alleged that Massi violated his probation by virtue of possessing a firearm and possessing drug paraphernalia. At the conclusion of the hearing, the VOP court declined to find that Massi violated his probation.

On December 5, 2013, Massi filed a motion seeking to dismiss the criminal charges against him based upon the VOP court's determination that he did not possess the firearm or the pipe. Massi argued that collateral estoppel prohibited the re-litigation of whether he possessed these items. Following argument, the trial court denied Massi's motion. This appeal follows.

Before we reach the issue Massi has presented for our review, we consider whether this Court properly has jurisdiction over this appeal. ***See***

*Commonwealth v. Gaines*, ___ A.3d ___, 2015 WL 67500712015 at * 2 (Pa. Super. Nov. 15, 2015) (providing that this Court may raise issues concerning appellate jurisdiction sua sponte). Pennsylvania Rule of Criminal Procedure 587(B) ("Rule 587(B)") governs pretrial motions to dismiss based on alleged double jeopardy violations. It provides as follows:

**(B) Double Jeopardy**

(1) A motion to dismiss on double jeopardy grounds shall state specifically and with particularity the basis for the claim of double jeopardy and the facts that support the claim.

(2) A hearing on the motion shall be scheduled in accordance with Rule 577 (Procedures Following Filing of Motion). The hearing shall be conducted on the record in open court.

(3) At the conclusion of the hearing, the judge shall enter on the record a statement of findings of fact and conclusions of law and shall issue an order granting or denying the motion.

(4) **In a case in which the judge denies the motion, the findings of fact shall include a specific finding as to frivolousness.**

(5) If the judge makes a finding that the motion is frivolous, the judge **shall** advise the defendant on the record that a defendant has a right to file a petition for review of that determination pursuant to Rule of Appellate Procedure 1573 within 30 days of the order denying the motion.

(6) If the judge denies the motion but does not find it frivolous, the judge **shall** advise the defendant on the record that the denial is immediately appealable as a collateral order.

Pa.R.Crim.P. 587(B) (emphasis added).[1]  At the conclusion of the hearing on Massi's motion, the trial court summarized the parties' positions, stated its conclusions of law and denied the motion.  N.T., 12/9/13, at 12-13.  Then the following dialogue occurred:

> [Counsel]: Judge, at this point, I would like to take an immediate appeal under the authority of *United States v. States*.
>
> [Trial Court]: We'll give this a date. Time will be ruled excludable.  We'll give it a three month status date.
>
> [Counsel]: Your Honor, if you could issue an order so I can appeal it. The only requirement is that you don't find the issue to be frivolous which would allow me to – and I do think based on my –
>
> [Trial Court]:  If you want to appeal it, I'll allow you to appeal it, and we'll issue opinions accordingly.
>
> [Court Crier]: March 11.
>
> [Trial Court]: Order is appealable.

*Id.* at 13-14.

Notably, at no time did the trial court use the term "frivolous" or "not frivolous" when ruling on Massi's motion.  Neither the trial court nor Massi's counsel mention Rule 587(B).  In its subsequent order, the trial court makes no finding regarding the frivolity of the appeal.  To the contrary, it concludes that the order is interlocutory and that the appeal must be quashed because it is not appealable as of right pursuant to Pa.R.A.P. 311 and Massi did not

---

[1] This Rule became effective on July 4, 2013, five months before the trial court entertained Massi's double jeopardy motion.

- 4 -

file a petition seeking permission to file an appeal pursuant to Pa.R.A.P. 1311. Trial Court Order, 12/17/13. At no point does the trial court evince any knowledge or recognition of Rule 587(B) or its requirements. Accordingly, we conclude that the trial court did not consider whether Massi's motion was frivolous or not, much less make a **specific** determination as to frivolousness, as is required by Rule 587(B)(4). Furthermore, even if the trial court's statement at the hearing could be interpreted as finding that Massi's motion was not frivolous, the trial court failed to advise Massi of his appeal rights, as is required by Rule 587(B)(6). We will not overlook the trial court's failure to fulfill the requirements of Rule 587(B), as to do so would create exceptions to a rule that provides no exceptions to its strict instructions.

In highly similar circumstances, this Court remanded a case for the trial court to comply with Rule 587(B). *See Commonwealth v. Taylor*, 120 A.3d 1017 (Pa. Super. 2015) (remanding case for trial court to comply with Rule 587(B) so Superior Court could determine whether it properly has jurisdiction over appeal). Accordingly, we remand this case to the trial court for an explicit finding regarding the frivolousness of Massi's motion and to advise him of his appeal rights, as mandated by Rule 587(B).

Case remanded. Panel Jurisdiction retained.

Stabile, J. joins the Memorandum.

Bowes, J. files a Dissenting Memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/30/2015