J-S05024-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| FRANKIE WILLIE MAINES, | |
| Appellant | No. 584 MDA 2015 |

Appeal from the Order March 27, 2015
In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0001399-2014

BEFORE:  BENDER, P.J.E., SHOGAN, and PLATT,[*] JJ.

JUDGMENT ORDER BY SHOGAN, J.:          **FILED MARCH 16, 2016**

Appellant, Frankie Willie Maines, brings this interlocutory appeal from the order of the Court of Common Pleas of Centre County that denied her motion to bar retrial on double jeopardy grounds after the trial court granted a mistrial.  Order, 1/6/15.  We may exercise jurisdiction over this appeal only to the extent that the order denying Appellant's pretrial motion qualifies as a collateral order under Pa.R.A.P. 313.

> To establish whether a motion to dismiss on double jeopardy grounds qualifies as a collateral order, trial courts must now, *inter alia*, satisfy [Pa.R.Crim.P.] 587(B)(3), (4), (5), and (6). Subsection (B)(3) requires the trial court, following a hearing, to enter on the record a statement of findings of fact and conclusions of law and its disposition of the double jeopardy motion.  Subsection (B)(4) requires the trial court to render a

---

[*]  Retired Senior Judge assigned to the Superior Court.

specific finding on frivolousness in the event the court denies the double jeopardy motion. Subsection (B)(5) requires the trial court, if it finds frivolous the double jeopardy motion, to inform on the record a defendant of his or her right to petition for review under Pa.R.A.P. 1573 within [thirty] days of the order denying the motion. Subsection (B)(6) requires the court to advise a defendant of his immediate right to a collateral appeal if the court does not find the double jeopardy motion to be frivolous.

*Commonwealth v. Taylor*, 120 A.3d 1017, 1022–1023 (Pa. Super. 2015).

Here, our review of the record reveals the trial court failed to render a specific finding on the record regarding frivolousness, as required under Pa.R.Crim.P. 587(B)(4). Thus, the trial court failed to comply with Pa.R.Crim.P. 587(B)(4) through (6). Because the trial court failed to fully comply with Pa.R.Crim.P. 587(B), we are unable to determine whether we may exercise jurisdiction over this appeal. Therefore, we remand this matter to the trial court for compliance with Pa.R.Crim.P. 587(B) and preparation of a supplemental Pa.R.A.P. 1925(a) opinion within sixty days of the date of this judgment order. Upon the filing of a supplemental opinion, the certified record is to be promptly returned to this Court.

Case remanded. Panel jurisdiction retained.[1]

_____

[1] Our retaining jurisdiction over this appeal would not excuse Appellant's non-compliance with Pa.R.Crim.P. 587(B)(5) and Pa.R.A.P. 1573 in the event the trial court determines that his double jeopardy motion is frivolous. *Taylor*, 120 A.3d at 1023.