J-S44026-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHRISTOPHER ROBINSON | |
| Appellant | No. 3369 EDA 2014 |

Appeal from the Double Jeopardy Order Dated November 24, 2014
In the Court of Common Pleas of Monroe County
Criminal Division at No: CP-45-CR-0002139-2013

BEFORE:  FORD ELLIOTT, P.J.E., STABILE, and MUSMANNO, JJ.

JUDGMENT ORDER BY STABILE, J.:               **FILED JULY 25, 2016**

This case returns to us following our decision to remand to the Court of Common Pleas of Philadelphia County ("trial court") for issuance of a supplemental opinion detailing the trial court's compliance with Pa.R.Crim.P. 587(B).  Briefly, consistent with ***Commonwealth v. Taylor***, 120 A.3d 1017 (Pa. Super. 2015), we remanded the case to the trial court because we were unable to determine, based on the trial court's noncompliance with Rule 587(B), whether we could exercise jurisdiction under Pa.R.A.P. 313 (relating to collateral orders) over Appellant's appeal from an order of the trial court denying his pretrial motion to dismiss on double jeopardy grounds.  ***See Commonwealth v. Robinson***, 131 A.3d 85 (Pa. Super. 2015) (unpublished memorandum).  As we explained in ***Taylor***, an order denying a double jeopardy motion is appealable as a collateral order so long as the motion is

not found to be frivolous by the lower court. *Taylor*, 120 A.3d at 1021-22. The requirement that a lower court render a specific finding on frivolousness is now expressly mandated under Rule 587(B).

Instantly, consistent with our August 7, 2015 decision and in compliance with Rule 587(B) as interpreted by *Taylor*, the trial court in its November 10, 2015 order denied Appellant's pretrial motion to dismiss on double jeopardy grounds because it found the motion to be "frivolous." Trial Court Order, 11/10/15, at ¶ 2. Given the trial court's finding on frivolousness, we now conclude that the trial court's order denying the double jeopardy motion does not qualify as a collateral order under Rule 313. Accordingly, we must quash this appeal for want of jurisdiction.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/25/2016