J-A24016-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RUDY EUGENE E. NORTH | |
| Appellant | No. 1618 EDA 2015 |

Appeal from the Order Entered May 22, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0012176-2007

BEFORE: BOWES, J., OTT, J., and SOLANO, J.

JUDGMENT ORDER BY OTT, J.: **FILED OCTOBER 04, 2016**

Rudy Eugene E. North brings this appeal from the order entered May 22, 2015, in the Court of Common Pleas of Philadelphia County, denying his motion to bar retrial on double jeopardy. North filed the motion to dismiss after this Court reversed his judgment of sentence, and remanded for a new trial.[1] Based on the following, we remand this case for the trial court's compliance with Rule 587(B) of the Pennsylvania Rules of Criminal Procedure.

---

[1] *See Commonwealth v. North*, 2014 Pa. Super. Unpub. LEXIS 1083 [2402 EDA 2012] (Pa. Super. 2014) (unpublished memorandum, at 13).

Before we may address the merits of North's appeal, we must determine whether we have jurisdiction over the appeal.[2]  ***See Commonwealth v. Blystone***, 119 A.3d 306 (Pa. 2015) (finding that issues of jurisdiction may be raised *sua sponte*).  We may exercise jurisdiction over this appeal only to the extent that the order denying North's pretrial motion qualifies as a collateral order under Pa.R.A.P. 313.  In this regard, our Court has instructed:

> To establish whether a motion to dismiss on double jeopardy grounds qualifies as a collateral order, trial courts must now, *inter alia*, satisfy [Pa.R.Crim.P.] 587(B)(3), (4), (5), and (6). Subsection (B)(3) requires the trial court, following a hearing, to enter on the record a statement of findings of fact and conclusions of law and its disposition of the double jeopardy motion. Subsection (B)(4) requires the trial court to render a specific finding on frivolousness in the event the court denies the double jeopardy motion. Subsection (B)(5) requires the trial court, if it finds frivolous the double jeopardy motion, to inform on the record a defendant of his or her right to petition for review under Pa.R.A.P. 1573 within [thirty] days of the order denying the motion. Subsection (B)(6) requires the court to advise a defendant of his immediate right to a collateral appeal if the court does not find the double jeopardy motion to be frivolous.

***Commonwealth v. Taylor***, 120 A.3d 1017, 1022–1023 (Pa. Super. 2015).

On May 22, 2015, the trial court heard argument on North's pretrial motion to dismiss, and denied the motion, as follows:

---

[2] We note that, although an order requiring North to file a Pa.R.A.P. 1925(b) statement is not part of the certified record or reflected by the docket, North filed a concise statement on August 14, 2015.  On October 14, 2015, the trial court filed an opinion in support of its May 22, 2015 order.

THE COURT:  …. There is no double jeopardy issue.  Denied.  Now is there a trial date set on this?

[COMMONWEALTH'S ATTORNEY]:  Yes.  It's scheduled for Wednesday or Thursday of next week.

[NORTH'S ATTORNEY]:  Thursday.

THE COURT:  Is this a jury?

[COMMONWEALTH'S ATTORNEY]:  Yes, Your Honor.

[NORTH'S ATTORNEY]:  It is Your Honor.  If Mr. North wants to take an appeal, then he can certainly take an appeal of the motion denying double jeopardy.

THE COURT:  I'm setting a trial date.  He can do whatever he wants.

[NORTH'S ATTORNEY]:  Right.

THE COURT:  It was remanded for trial.  If he wants to appeal, that's fine.  There is no double jeopardy issue.  Denied. ….

N.T., 5/22/2015, at 13–14.

Here, the trial court failed to render a specific finding on the record regarding frivolousness, and failed to comply with Pa.R.Crim.P. 587(B)(3) through (6).  Because the trial court failed to fully comply with Pa.R.Crim.P. 587(B), we are unable to determine whether we may exercise jurisdiction over this appeal. Therefore, we remand this matter to the trial court for compliance with Pa.R.Crim.P. 587(B) and preparation of a supplemental Pa.R.A.P. 1925(a) opinion within 60 days of the date of this judgment order. Upon the filing of a supplemental opinion, the certified record is to be promptly returned to this Court.

- 3 -

The Prothonotary of this Court is directed to remand the certified record to the trial court.

Case remanded. Panel jurisdiction retained.[3]

Judgment Entered.

_Joseph D. Seletyn, Esq._

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/4/2016

---

[3] Our retained jurisdiction over this appeal would not excuse North's non-compliance with Pa.R.Crim.P. 587(B)(5) and Pa.R.A.P. 1573 in the event the trial court determines that his double jeopardy motion is frivolous. **Taylor**, 120 A.3d at 1023 n.12.