J-S22004-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL DAVID VELLNER, | |
| Appellant | No. 944 MDA 2016 |

Appeal from the Order Entered May 10, 2016
In the Court of Common Pleas of Northumberland County
Criminal Division at No(s): CP-49-CR-0000451-2015

BEFORE:  SHOGAN, MOULTON, and PLATT,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED JUNE 22, 2017**

Appellant, Michael David Vellner, appeals from the order entered May 10, 2016, denying his motion to dismiss based on double jeopardy. After careful review, we are compelled to vacate the May 10, 2016 order and remand this matter to the trial court for compliance with the requirements of Pa.R.Crim.P. 587(B).

The trial court provided the following summary of the factual and procedural history of this case:

> [Appellant] was charged with [two counts of aggravated indecent assault and one count of indecent assault[1]] stemming from an alleged incident which occurred on April 4, 2015.  A jury

_____

[*]  Retired Senior Judge assigned to the Superior Court.

[1]  18 Pa.C.S. §§ 3125 and 13126, respectively.

trial was scheduled for March 17, 2016. At the outset of the trial the Commonwealth played a videotape of a Pennsylvania State Trooper interviewing [Appellant] in which it was revealed [Appellant] was previously on probation. Based on the inadmissible evidence of [Appellant's] prior criminal history, Defense Counsel requested a mistrial which [the trial] court granted. Defense Counsel then filed a Motion to Dismiss based on Double Jeopardy. . . .

Trial Court Opinion, 9/28/16, at 1.

The trial court denied Appellant's motion to dismiss on double jeopardy grounds by order entered May 10, 2016. Appellant filed a notice of appeal on June 8, 2016. Both the trial court and Appellant complied with Pa.R.A.P. 1925.

Appellant presents the following issue for our review:

Did the Lower Court error [sic] when it denied the Appellant's Motion to Dismiss the Information because the prosecution is barred by a former prosecution under both United States and Pennsylvania Constitutions, for the reason that the Commonwealth of Pennsylvania caused a mistrial in the first case.

Appellant's Brief at 7.

Before turning to the merits of Appellant's argument, we must determine if we may exercise jurisdiction over this appeal. Initially, we acknowledge that issues of jurisdiction may be raised *sua sponte*. *Commonwealth v. Taylor*, 120 A.3d 1017, 1021 (Pa. Super. 2015). Moreover, "[w]hen considering the proper exercise of appellate jurisdiction, our review is *de novo*, and the scope of review is plenary." *Id.* at 1021 n.8 (citation omitted).

Here, Appellant claims this Court has jurisdiction pursuant to Pa.R.A.P. 313. Appellant's Brief at 1. Rule 313 provides in part:

> A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost.

Pa.R.A.P. 313(b). The comment to Rule 313 specifically cites as an example of a collateral order an order denying a pretrial motion to dismiss on double jeopardy grounds. *Id.* at cmt. ("Examples of collateral orders include orders denying pre-trial motions to dismiss based on double jeopardy in which the court does not find the motion frivolous, *Commonwealth v. Brady*, 510 Pa. 336, 508 A.2d 286, 289-91 (1986)."). "Indeed, our Supreme Court has held that orders denying a defendant's motion to dismiss on double jeopardy grounds are appealable as collateral orders, so long as the motion is not found to be frivolous." *Taylor*, 120 A.3d at 1021-1022 (citing *Commonwealth v. Brady*, 508 A.2d 286, 291 (Pa. 1986)).

In 2013, the Pennsylvania Rules of Criminal Procedure were amended to codify the common law framework for motions to dismiss on double jeopardy grounds. In particular, Rule 587(B) was added to govern pretrial double jeopardy motions. Specifically, Rule 587(B) provides as follows:

> (1) A motion to dismiss on double jeopardy grounds shall state specifically and with particularity the basis for the claim of double jeopardy and the facts that support the claim.

(2) A hearing on the motion shall be scheduled in accordance with Rule 577 (Procedures Following Filing of Motion). The hearing shall be conducted on the record in open court.

(3) At the conclusion of the hearing, the judge shall enter on the record a statement of findings of fact and conclusions of law and shall issue an order granting or denying the motion.

(4) In a case in which the judge denies the motion, the findings of fact shall include a specific finding as to frivolousness.

(5) If the judge makes a finding that the motion is frivolous, the judge shall advise the defendant on the record that a defendant has a right to file a petition for review of that determination pursuant to Rule of Appellate Procedure 1573 within 30 days of the order denying the motion.

(6) If the judge denies the motion but does not find it frivolous, the judge shall advise the defendant on the record that the denial is immediately appealable as a collateral order.

Pa.R.Crim.P. 587(B).

In *Taylor*, this Court had the opportunity to interpret Rule 587(B) in the context of a trial court's failure to fully comply with the rule. This Court explained:

> To establish whether a motion to dismiss on double jeopardy grounds qualifies as a collateral order, trial courts must now, *inter alia*, satisfy Rule 587(B)(3), (4), (5), and (6). Subsection (B)(3) requires the trial court, following a hearing, to enter on the record a statement of findings of fact and conclusions of law and its disposition of the double jeopardy motion. Subsection (B)(4) requires the trial court to render a specific finding on frivolousness in the event the court denies the double jeopardy motion. Subsection (B)(5) requires the trial court, if it finds frivolous the double jeopardy motion, to inform on the record a defendant of his or her right to petition for review under Pa.R.A.P. 1573 within 30 days of the order denying the motion. Subsection (B)(6) requires the court to advise a defendant of his immediate right to a collateral appeal if the court does not find the double jeopardy motion to be frivolous.

- 4 -

*Taylor*, 120 A.3d at 1022-1023 (footnote omitted).

In *Taylor*, the trial court denied the appellant's motion to dismiss on double jeopardy grounds but failed to enter on the record a statement of findings of fact and conclusions of law. Further, it did not make a determination of whether the defendant's motion to dismiss on double jeopardy grounds was frivolous. *Id.* Regarding the trial court's failure to fully comply with Rule 587(B), this Court held:

> [O]ur review of the record, in particular the [motion to dismiss on double jeopardy grounds] argument transcript, reveals the trial court failed to comply with Rule 587(B)(3) th[r]ough (6). Specifically, as required under Rule 587(B)(3), following oral argument, the trial court failed to enter on the record a statement of findings of fact and conclusions of law. Moreover, in denying [a]ppellant's motion to dismiss on double jeopardy grounds, the trial court also failed to render a specific finding on frivolousness, as required under Rule 587(B)(4). The trial court did not find whether [a]ppellant's motion to dismiss was or was not frivolous. Given the trial court's failure to comply with Rule 587[(B)], we are unable to decide whether we may exercise jurisdiction over this appeal. Consequently, we remand this matter to the trial court for compliance with Rule 587[(B)] and preparation of a supplemental Rule 1925(a) opinion within sixty days of the date of this opinion.

*Id.* (footnotes omitted).

A hearing on Appellant's motion to dismiss was held on May 6, 2016. A review of the transcript reflects that after testimony was presented on the motion, the assistant district attorney requested that the court find that the motion was frivolous and therefore, allow the parties to schedule a subsequent trial. N.T., 5/6/16, at 35. The court indicated that after review of the testimony and cited case law, it would issue a determination within

"the next week or so." ***Id.***[2] The hearing concluded with no further discussion on this issue. ***Id.*** at 35-36.

Accordingly, in the case *sub judice*, the trial court did not satisfy the requirements of Rule 587(B). The hearing transcript does not demonstrate that the trial court complied with Rule 587(B)(3), which requires, *inter alia*, the court to enter on the record a statement of findings of fact and conclusions of law. Following the argument, the trial court did not contemporaneously place on the record such a statement.[3] N.T., 5/6/16, at 35-36. Further, we could identify no specific finding on the record in

_____

[2] We further note that in the order denying Appellant's motion to dismiss, the trial court made no finding regarding the frivolousness of this claim. Order, 5/10/16, at 1.

[3] In ***Taylor***, we took note of the final report on Rule 587(B) issued by the Criminal Procedure Rules Committee, which states:

> The members of the Criminal Committee noted, anecdotally, that frequently judges will deny the motion to dismiss on double jeopardy grounds without making a finding with regard to frivolousness unless or until a defendant challenges the denial of the motion, and that some judges do not explain the basis for finding the motion frivolous. Recognizing that these practices are a source of confusion and that they cause problems for defendants and appellate courts when such motions are denied, **the amendments require the trial judge to make a specific finding as to frivolousness at the time the judge decides the double jeopardy motion, and further require a trial judge to make a contemporaneous record of the judge's reasons for his or her findings**.

***Taylor***, 120 A.3d at 1022 n.10 (quoting Motion to Dismiss Based on Double Jeopardy Grounds Final Report, 6/4/2013, at 3) (emphasis added).

accordance with Rule 587(B)(4) regarding whether Appellant's motion is frivolous, and this finding directly implicates our jurisdiction. **See** Pa.R.A.P. 313, note ("Examples of collateral orders include orders denying pre-trial motions to dismiss based on double jeopardy in which the court does not find the motion frivolous; if the trial court finds the motion frivolous, the defendant may secure review only by first filing a petition for review under Pa.R.A.P. 1573.") (internal citation omitted). Without this finding, we are unable to determine if we may exercise jurisdiction.[4] Accordingly, we vacate the May 10, 2016 order and remand this matter to the trial court for compliance with the requirements of Pa.R.Crim.P. 587(B).

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/22/2017

---

[4] The record also does not demonstrate that Appellant was advised by the trial court of his appeal rights as required by Pa.R.Crim.P. 587(b)(5) or (6).