J-A02002-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOHN T. NOCERO | |
| Appellant | No. 1154 EDA 2015 |

Appeal from the Order March 27, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0012927-2014

BEFORE:  OTT, J., RANSOM, J., and FITZGERALD, J.[*]

MEMORANDUM BY OTT, J.:                    **FILED DECEMBER 29, 2017**

John T. Nocero brings this interlocutory appeal from the trial court's March 27, 2015, order denying his motion to dismiss pursuant to the compulsory joinder rule codified at 18 Pa.C.S. § 110.  The relevant facts and procedural history underlying this appeal were aptly summarized by the trial court and we need not recite them herein.[1]  In his sole claim on appeal, Nocero contends the court erred in denying his motion to dismiss three criminal misdemeanor-level charges pursuant to Section 110.  **See** Nocero's Brief at 7.  In light of the recent decision by a panel of this Court in **Commonwealth**

_____

[*] Former Justice specially assigned to the Superior Court.

[1] **See** Trial Court Opinion, 2/26/2016, at 2-5 (emphasis in original).

*v. Diggs*, ___ A.3d ___, 2017 PA Super 331 [3150 EDA 2015] (Oct. 19, 2017), we are constrained to remand with instructions.

In *Diggs*, *supra*, like the present matter, the defendant appealed from an order denying his motion to dismiss, in which he asserted a violation of Section 110. The *Diggs* Court determined the procedural posture of the case implicated this Court's jurisdiction over the matter. The Court held Pennsylvania Rule of Criminal Procedure 587(B), which governs motions to dismiss on double jeopardy grounds, applies to motions to dismiss based on Section 110. *See Diggs*, ___ A.3d ___, 2017 PA Super 331, ¶ 5. Relying on *Commonwealth v. Taylor*, 120 A.3d 1017 (Pa. Super. 2015), the *Diggs* Court highlighted the requirements when addressing a Rule 587(B) matter:

> We explained a trial court's responsibilities pursuant to Pa.R.Crim.P. 587:
>
> > To establish whether a motion to dismiss on double jeopardy grounds qualifies as a collateral order, trial courts must now, *inter alia*, satisfy Rule 587(B)(3), (4), (5), and (6). Subsection (B)(3) requires the trial court, following a hearing, to enter on the record a statement of findings of fact and conclusions of law and its disposition of the double jeopardy motion. Subsection (B)(4) requires the trial court to render a specific finding on frivolousness in the event the court denies the double jeopardy motion. Subsection (B)(5) requires the trial court, if it finds frivolous the double jeopardy motion, to inform on the record a defendant of his or her right to petition for review under Pa.R.A.P. 1573 within 30 days of the order denying the motion. Subsection (B)(6) requires the court to advise a defendant of his immediate right to a collateral appeal if the court does not find the double jeopardy motion to be frivolous.
>
> *Taylor*, 120 A.3d at 1022-1023 (footnote omitted).

***Diggs***, \_\_\_ A.3d \_\_\_, 2017 PA Super 331, ¶¶ 5-6.  The ***Diggs*** Court concluded the municipal court had failed to comply with Rule 587(B), and therefore, remanded the case for further proceedings.

Turning to the present matter, our review of the record reveals the trial court failed to comply with Rule 587(B) by:  (1) not entering on the record a statement of findings of fact and conclusions of law;[2] and (2) not making a determination of whether Nocero's motion to dismiss was frivolous.[3] Accordingly, pursuant to ***Diggs***, we remand the matter to the trial court with instructions that it comply with Rule 587(B).  Following such compliance, the court shall prepare a supplemental Rule 1925(a) opinion.

Case remanded for proceedings consistent with this decision. Jurisdiction relinquished.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/29/2017</u>

---

[2] ***See*** Pa.R.Crim.P. 587(B)(4).

[3] ***See*** Pa.R.Crim.P. 587(B)(3).