J-A06028-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| THOMAS TINSLEY, | |
| Appellant | No. 431 EDA 2016 |

Appeal from the Order January 21, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0011849-2013

BEFORE: PANELLA, SHOGAN, and RANSOM, JJ.

MEMORANDUM BY SHOGAN, J.: **FILED FEBRUARY 23, 2018**

Appellant, Thomas Tinsley, appeals from the order entered January 21, 2016, denying his motion to dismiss on double jeopardy grounds pursuant to 18 Pa.C.S. § 110. After careful review, we quash.

The trial court summarized the factual and procedural history of this case as follows:

> According to the arresting officer, on September 3, 2013, he saw [Appellant] run a stop sign and pulled him over, at which time he "recovered" a loaded firearm. He issued [Appellant] a citation for running a stop sign and arrested him for possession of the gun. [Appellant] was charged with Carrying a Firearm While Prohibited, Without a License, and in Public[,] and Possession of an Instrument of Crime.[2] Due to the fact that, in his testimony, the officer did not specify, and his records did not indicate, exactly how or from where the gun was recovered, nor that it was used in a criminal fashion, the latter two charges were dismissed for lack of evidence. At a hearing on [Appellant's] motion to suppress, the same officer testified about the incident in much greater detail, in particular that he found the weapon in the glove

box of [Appellant's] vehicle. On November 5, 2013, at a hearing in Philadelphia Traffic Court, [Appellant] pled not guilty but was convicted of disregarding a stop sign. [The motion to suppress] was denied on April 23, 2014, and on November 24, 2015, he filed [a] motion to dismiss[,] claiming that his prosecution for the weapons offenses was barred. At the end of the hearing on the motion, the court scheduled the case "must be tried" for May 23, 2016, this appeal was filed the next day, and it does not appear that [Appellant] has requested a stay of proceedings.

[2] 75 Pa.C.S. § 3323(b); 18 Pa.C.S. § 6105(a)(1), 6106(a)(1), 6108 & 907(a).

Trial Court Opinion, 4/14/16, at 1-2 (two footnotes omitted).

This case returns to us after we remanded to have the trial court comply with Pa.R.Crim.P. 587(B), to clarify whether this Court had appellate jurisdiction. Briefly, consistent with **Commonwealth v. Taylor**, 120 A.3d 1017 (Pa. Super. 2015), we remanded because we were unable to determine, based on the trial court's noncompliance with Rule 587(B), whether we could exercise jurisdiction under Pa.R.A.P. 313 (relating to collateral orders) over Appellant's appeal from an order of the trial court denying his pretrial motion to dismiss on double jeopardy grounds. **Commonwealth v. Tinsley**, ____ A.3d ____, 431 EDA 2016 (Pa. Super. filed July 18, 2017) (unpublished memorandum). As we explained in **Taylor**, an order denying a double jeopardy motion is appealable as a collateral order as long as the motion is not found to be frivolous by the lower court. **Taylor**, 120 A.3d at 1021-1022. The requirement that a lower court renders a specific finding on frivolousness is expressly mandated under Rule 587(B). **Id.** at 1022.

Following our remand, the trial court held a hearing on October 10, 2017, in compliance with Pa.R.Crim.P. 587(B). At the conclusion of the hearing, the trial court found Appellant's motion to dismiss to be frivolous and denied the motion on the record. N.T., 10/10/17, at 7. The trial court entered an order on October 11, 2017, denying the motion to dismiss. Given the trial court's finding of frivolousness, we now conclude that the trial court's order denying the double jeopardy motion does not qualify as a collateral order under Rule 313. *Taylor*, 120 A.3d at 1021. Accordingly, we must quash this appeal for lack of jurisdiction.

Additionally, we note that on October 13, 2017, Appellant filed a petition for review of the trial court's determination of frivolousness pursuant to Pa.R.Crim.P. 587(B)(5) and Pa.R.A.P. 1573. Pa.R.Crim.P. 587(B)(5) provides as follows:

> If the judge makes a finding that the motion is frivolous, the judge shall advise the defendant on the record that a defendant has a right to file a petition for review of that determination pursuant to Rule of Appellate Procedure 1573 within 30 days of the order denying the motion.

Pa.R.Crim.P. 587(B)(5). Pa.R.A.P. 1573(a) states:

> **(a) General rule.** Any party seeking review of a frivolousness determination by a court of common pleas under Pennsylvania Rule of Criminal Procedure 587 shall file a petition for review in the appellate court having jurisdiction over the matter. Review of a frivolousness determination under Pennsylvania Rule of Criminal Procedure 587 shall be governed by this chapter and ancillary provisions of these rules, except as otherwise prescribed by this rule. The time for filing is provided for in Pa.R.A.P. 1512(a)(1).

Pa.R.A.P. 1573(a).  We deny Appellant's petition for review on the basis of the trial court's supplemental Pa.R.A.P. 1925(a) opinion filed November 29, 2017, and this Court's holding in **Commonwealth v. Perfetto**, 169 A.3d 1114 (Pa. Super. 2017) (*en banc*).[1]

Appeal quashed.  Petition for review denied.[2]

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/23/18

_____

[1] The **Perfetto** Court explained:

> [I]n the context of compulsory joinder, where a defendant is charged with a summary traffic violation and a misdemeanor, the Title 75 summary offense must be disposed of in a proceeding in the Philadelphia Municipal Court Traffic Division, which has jurisdiction exclusive of the Court of Common Pleas, and a separate proceeding must be held for the remaining, higher offenses.

**Perfetto**, 169 A.3d at 1124.

[2] In the event of further proceedings, the parties are directed to attach a copy of the trial court's opinion filed November 29, 2017.

- 4 -

**FILED**

NOV 29 2017

Office of Judicial Record
Appeals/Post Trial

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION – CRIMINAL SECTION

COMMONWEALTH OF PENNSYLVANIA : CP-51-CR-0011849-2013
:
v. :
: SUPERIOR COURT
THOMAS TINSLEY : NO. 431 EDA 2016

SUPPLEMENTAL Pa.R.A.P. 1925(a) OPINION

MAZZOLA, WILLIAM, J.                                NOVEMBER     2016

The trial court submits this supplement to its *Pa.R.A.P. 1925(a)* Opinion of April 14, 2016, in compliance with this Court's order remanding the matter and directing the court to comply with the requirements of *Pa.R.Crim.P. 587(B)* which rule governs the steps a court is required to take where, as here, a defendant wishes to pursue an interlocutory appeal from a trial court's order denying a pretrial motion to dismiss criminal charges on double jeopardy grounds. The rule provides:

> (1) A motion to dismiss on double jeopardy grounds shall state specifically and with particularity the basis for the claim of double jeopardy and the facts that support the claim.
> (2) A hearing on the motion shall be scheduled in accordance with *Rule 577* (Procedures Following Filing of Motion). The hearing shall be conducted on the record in open court.
> (3) At the conclusion of the hearing, the judge shall enter on the record a statement of findings of fact and conclusions of law and shall issue an order granting or denying the motion.
> (4) In a case in which the judge denies the motion, the findings of fact shall include a specific finding as to frivolousness.
> (5) If the judge makes a finding that the motion is frivolous, the judge shall advise the defendant on the record that a defendant has a right to file a petition for review of that determination pursuant to *Rule of Appellate Procedure 1573* within 30 days of the order denying the motion.
> (6) If the judge denies the motion but does not find it frivolous, the judge shall advise the defendant on the record that the denial is immediately appealable as a collateral order.

*Id.* The court had conducted a hearing on January 20, 2016, pursuant to *subsections (1) and (2)*,

1

but neglected to comply with *subsections (3), (4), (5)* and/or *(6)*. It, therefore, reheard the matter on October 10, 2017, at which the defendant's presence was waived by agreement of the parties and the court presented the factual and legal bases for the claims as presented in the defendant's motion, as it had in its previous opinion, as its findings of fact and conclusions of law, allowing defense counsel, of course, to submit any additional matters. One item that the Commonwealth brought to the court's attention was a recent decision of this Court directly on point.

> THE COURT: ...
> The matter at issue is this Court's prior ruling on a defense motion to dismiss for double jeopardy under classical constitutional double jeopardy and Rules 109 and 110 of the Rules of Criminal Procedure. That motion was litigated, and it was denied by this Court at a hearing on January 20, 2016, subsequently appealed, resulting in the remand opinion that I've stated.
> In compliance with that, the Court is required to put findings of facts and conclusions of law on the record. And the Court finds as follows, factually in this matter:
> That on September 3rd of 2013 the defendant, while driving an automobile in the city and county of Philadelphia; ran a stop sign.
> Number two, as a consequence he was observed running a stop sign and stopped by the police.
> Number three, the defendant was issued a citation under the Motor Vehicle Code for the observed incident, a summary offense of running a stop sign.
> Fact number four, as a consequence of that stop, a search of the defendant's vehicle was conducted by the police and it revealed a loaded weapon in the automobile's glove box. The defendant was, therefore, in addition to the citation, arrested for weapons offenses based upon the Crimes Code and the Uniform Firearms Act.
> On September 19, 2013, the defendant attended a preliminary hearing on the weapons offenses and while not all charges were held for court, some of the charges were held for court, specifically possession of a firearm by person prohibited and firearms not to be carried without a license.
> On November 5, 2013 the defendant was adjudicated guilty in the Philadelphia Traffic Court for the Motor Vehicle Code violation which occurred on September 3, 2013 as aforesaid. The traffic violation for the running of the stop sign and the weapons offenses took place during the same criminal episode. The Commonwealth at all times relevant was aware of the charges in both the Philadelphia Traffic Court case and the Philadelphia Common Pleas Court case, the Criminal Division.
> On November 24, 2015 the aforesaid motion to dismiss under Rule 110 was filed claiming that the prosecution for the weapons offenses was barred by way of that statute.
> As I indicated on January 20, 2016, the motion to dismiss filed by the defense

2

was denied. I reached the following legal conclusions:

That the defendant was charged with a summary violation of the Motor Vehicle Code and found guilty while criminal charges were pending in this court. The current bill of information seeks prosecution for commission of a crime, not for violation of the Vehicle Code. Neither the double jeopardy clause of the United States Constitution or the Pennsylvania Constitution nor the relevant sections of the Pennsylvania Consolidated Statutes, Section 109, where a prosecution is barred by a former prosecution, neither of those barred the subsequent proceedings if they are grounded in violations of the Uniform Firearms Act where the defendant was previously placed in jeopardy only on a Motor Vehicle Code offense.

The two events in which the defendant was accused of engaging are completely different activities that just happened to occur at the same time and involved the same instrumentality, one of them occurring instantaneously, to wit, the stop sign violation, and the other, i.e., the weapon, was an ongoing offense. There is no logical relationship between the crimes of running a stop sign and violation of the Uniform Firearms Act. Those crimes are defined by separate statutes and are intended to prevent different evils with no similarity of issues involved in proving these distinct offenses.

While we do not know when or how the defendant came into possession of the weapon, the Commonwealth is not required to prove either nor how it got into the car. The only legal connection between the summary offense under the Motor Vehicle Code and the crimes in front of this Court were that they were not authorized. The only factual connection was that the car was used both to run the stop sign and to carry the weapon; and while the use of the vehicle is an essential element of the former, it is merely peripheral to the latter.

The Court finds that under the relevant provisions and amendments as set out in the Superior Court's most recent opinion in Commonwealth v. Marc Perfetto, an opinion dated August 30, 2017, found in the Superior Court docket at number 2479 EDA 2015 that with the peculiar circumstances in Philadelphia County, the existence of the Municipal Court, Traffic Court Division, and prosecution in this Court for the offenses as described in these conclusions of law does not violate the relevant statutes.

Therefore, the defendant's claim is still denied, the motion to dismiss is still denied, and the Court finds that it's completely lacking in merit and is frivolous, and further appeal of this matter would be frivolous.

Notes of Testimony, Hearing Volume 1, October 10, 2017, pp. 2-7. The court then advised the defendant on the record that he had the right to file a petition for review of that determination pursuant to *Pa.R.A.P 1573* within 30 days. Id. pp. 8-9. The case the court mentioned came down after this court conducted the January 2016 hearing and submitted its original *Rule 1925(a)* opinion but before the rehearing, and it clearly applies.

3

The Commonwealth of Pennsylvania appeals from the order entered July 13, 2015, granting Appellee Marc Perfetto's motion to dismiss, which asserted a violation of Pennsylvania's compulsory joinder rule. *See 18 Pa.C.S. § 110.* Subject to certain jurisdictional exceptions, which will be explained herein, we hold that the subsequent prosecution of an offense [driving under the influence] arising out of a criminal episode that had triggered the former prosecution of a different [summary] offense [of driving without lights when required] is barred where those multiple offenses occur in the same judicial district. However, because of jurisdictional exceptions applicable to Philadelphia, the holding of the trial court is reversed.

*Commonwealth v. Perfetto, 2017 PA Super 281, 169 A.3d 1114, 1116 (2017) (en banc,*

Judge Dubow dissenting in which President Judge Bender and Judge Lazarus joined, filed

August 30, 2017). "Therefore, in the context of compulsory joinder, where a defendant is

charged with a summary traffic violation and a misdemeanor, the Title 75 summary offense must

be disposed of in a proceeding in the Philadelphia Municipal Court Traffic Division, which has

jurisdiction exclusive of the Court of Common Pleas, and a separate proceeding must be held for

the remaining, higher offenses." *Id. A.3d at 1124.*[1]

Wherefore, for the reason's stated herein and in the court's previous opinion, and

*Perfetto* being Pennsylvania law at this time, the defendant's claim is patently both frivolous and

completely lacking in merit and the court's denial of his motion should be affirmed.

BY THE COURT:

**WILLIAM MAZZOLA, J.**

---

[1] Perfetto's Petition for Allowance of Appeal is pending at Allocatur Docket No. 455 EAL 2017, along with, apparently, those of fifteen other defendants'. As of this date, that docket lists as Related Cases/Same Issue(s): 471, 472, 473, 477, 478, 482, 485, 499, 501, 507, 510, 516, 517, 520, 523 & 526 EAL 2017, and all of the defendant's as the petitioners. The court has not examined all those cases, sensing that it's safe to assume that this Court rendered decisions in them consistent with that in *Perfetto*. Other pending *allocatur* petitions that appear to have something to do with § 110 of which the court is presently aware are Commonwealth v. Rosas, PA Super. 1675 EDA 2015, Pa. 513 EAL 2017, and Commonwealth v. Atkinson, PA Super. 1562 EDA 2016, Pa. 499 EAL 2017.

4

# IN THE COURT OF COMMON PLEAS

## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA

### TRIAL DIVISION – CRIMINAL SECTION

COMMONWEALTH OF PENNSYLVANIA  :  CP-51-CR-0011849-2013

vs.  **SUPERIOR COURT**
**NO. 431 EDA 2016**

Thomas Tinsley

## PROOF OF SERVICE

I hereby certify that I am this day serving the forgoing Court Order upon the persons, and in the manner indicated below, which service satisfies the requirements of Pa.R.Crim.P. 114.

**Counsel:**
Jonathan R. Altschuler, Esq.
1500 JFK Blvd. Suite 1850
Philadelphia, PA 19102
**Type of Service:** ( ) Personal  (X) First Class Mail  Other, please specify: _____

**Philadelphia District Attorney:**
Hugh J. Burns
District Attorney's Office
Three South Penn Square
Philadelphia PA 19107-3499
**Type of Service:** ( ) Personal  ( X) First Class Mail  Other, please specify:_____

**Additional Counsel/Party:**
Natasha Lowe, Esq.
Supervisor, PCRA/Appeal Unity
#206 CJC
Philadelphia, PA 19107
**Type of Service:** ( ) Personal  ( ) First Class Mail  Other, please specify: Inter-Office _____

Dated: November 27, 2017

_____
Judge's Signature