J. S59033/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| SHAWN EDWARD LEE, | : | |
| | : | |
| Appellant | : | No. 464 WDA 2015 |

Appeal from the Order February 13, 2015
In the Court of Common Pleas of Mercer County
Criminal Division No(s).: CP-43-CR-0000967-2014

BEFORE: BOWES, DONOHUE, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:          **FILED NOVEMBER 23, 2015**

Appellant, Shawn Edward Lee, appeals from the order entered in the Mercer County Court of Common Pleas that denied his motion to dismiss based on double jeopardy. Appellant contends the court erred by *sua sponte* granting a mistrial absent a finding of manifest necessity. We remand to have the trial court comply with Pa.R.Crim.P. 587(B).

We need not discuss the facts underlying Appellant's alleged offenses of, *inter alia*, murder of the second degree,[1] and murder of the third degree.[2] On the third day of a jury trial, during the Commonwealth's case-

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 2502(b).

[2] 18 Pa.C.S. § 2502(c).

in-chief, the following exchange transpired between Colleen Pritts, Appellant's girlfriend, and the Commonwealth:

> [District attorney:] What type of a relationship did you have with [Appellant]?
>
> A He's my boyfriend.
>
> Q For how long was he your boyfriend on May 13, 2013?
>
> A Four years at that point. We had been together since he got out of prison in –
>
> [Appellant's counsel:] Your Honor --
>
> [Trial court:] Granted. Ladies and Gentlemen, I have had to grant a mistrial. It means we have to start and do this over again. You will be excused from further service. We'll clear the courtroom and I will talk to you. Please step down.

N.T. Trial, 2/13/15, at 63-64. The transcript does not reflect any objection or other communication by either counsel.

After the jury was dismissed and the court spoke with the jury, the following discussion occurred:

> The court: Please be seated. [Appellant's counsel], do you wish to put things on the record?
>
> [Appellant's counsel]: Yes, Your Honor. For the record, before the Court came in we did have the court reporter read back the testimony from the time that Ms. Pritts was asked the last question and responded. The record indicates that I said, "Your Honor"; the Court said, "granted", and there was no other discussion and the Court cleared the room.
>
> The court: There was an order entered before I did that, clearly.

[Appellant's counsel] I'm sorry, Your Honor?

The court: I entered an order before I cleared the courtroom. There has to be an order granting the mistrial.

[Appellant's counsel]: We didn't get that far on the transcript, apparently, Your Honor.

At any rate, the defense would cite -- bring the Court's attention to Rule 605(b): When an event prejudicial to the defendant occurs during trial only the defendant may move for a mistrial. The motion shall be made when the event is disclosed; otherwise, the trial judge may declare a mistrial only for reasons of manifest necessity.

We note for the record that when Ms. Pritts gave her answer to [the district attorney's] question I stood up and said, "Your Honor". It was my intention, as it normally is when these things arise, to request a sidebar or a recess to discuss or consider our options. I never got to do so because the Court stated "granted", and in our opinion sua sponte declared a mistrial and cleared the courtroom.

We would note that there was no discussion or consideration of any less drastic options. It is our position that the [Appellant] is prejudiced. In the opinion of the defense team the case was going very well for the defense. We have now been deprived of our jury. The Commonwealth now knows essentially all of the defense strategy, and one key Commonwealth's witness, as the Court is aware, is missing and currently has not been found.

It is our position that Ms. Pritts' statement could have been addressed with a precautionary instruction, as the Court had previously suggested, as to the testimony of Mr. Huey where he indicated he had been continuously incarcerated since his arrest but had spoken to [Appellant]. Therefore, we would like to place on the record our objection to the Court sua sponte the declaration of a mistrial, and **we would ask that the Court order that [Appellant] be barred from being retried for reasons of double jeopardy**.

We cite to the Court the <u>Commonwealth versus Diehl</u>, 615 A.2d 690, a 1992 Pennsylvania Supreme Court case that held the trial court erred in awarding the appellant retried, where doing so impermissibly placed him again in jeopardy after the Court declared a mistrial sua sponte. It is well settled the declaration of a mistrial sua sponte by the trial court is proper only for reasons of manifest necessity. If there is any doubt as to the presence of manifest necessity to support the trial court's declaration of a mistrial, such doubt is to be resolved in favor of the accused, and double jeopardy shall prohibit a retrial.

We have a number of other cases, Judge, but we believe that that's the one that's on point. We would therefore ask the Court that Mr. Lee not be retried.

[The court]: The Court will note for the record several things:

Number one, Ms. Pritts testified she saw him when he got out of prison. That was diametrically different than what Mr. Huey testified to. Mr. Huey's implication was that he was in jail. Clearly this was not—at that point in time the Court is faced with manifest necessity because if you don't declare a mistrial [Appellant] has an automatic right to a new trial for ineffective assistance of counsel. You would be per se ineffective. The courts clearly have shown that this is not something to be cured by a cautionary instruction.

Two, when I said "granted", I didn't say anything other than that. You did not seek to clarify. It was done by a waiver on your part, clearly.

I'll enter this order:

AND NOW, 13th day of February, 2015, IT IS HEREBY ORDERED [Appellant's] Motion to Dismiss pursuant to a double jeopardy violation is DENIED.

By the Court, line for signature.

We'll look to June **probably to try this**. You've got Wilder in April and the Grove City murder case in May.

- 4 -

N.T. Post-Trial Hr'g, 2/13/15, at 2-6 (emphases added). The district attorney said nothing.

The court's order was docketed on February 17, 2015, and Appellant timely appealed on March 16, 2015. On March 17, 2015,[3] the court ordered Appellant to file a Pa.R.A.P. 1925(b) statement prior to March 31, 2015.[4] Appellant filed his Rule 1925(b) statement on March 31, 2015, and the court filed a responsive opinion.

Appellant raises the following issue:

> Whether the trial court erred when the trial court denied Appellant's motion to dismiss and to bar retrial based upon a double jeopardy violation, in contravention of state and/or federal constitutional safeguards, when the trial court declared a mistrial *sua sponte*, which declaration was not supported by manifest necessity?

Appellant's Brief at 4.

Appellant contends the trial court failed to consider any alternatives to a mistrial before declaring a mistrial. He points out that the Commonwealth did not deliberately elicit Pritts's statement. Appellant maintains that a cautionary instruction would have cured any prejudice from her comment. He opines the trial was going favorably for him prior to the court's order.

---

[3] The order was dated March 16, 2015.

[4] We note the court's order contravenes Rule 1925(b)(2), which states "The judge **shall** allow the appellant at least 21 days from the date of the order's entry on the docket for the filing and service of the" Rule 1925(b) statement. Pa.R.A.P. 1925(b)(2) (emphasis added).

Appellant asserts the Commonwealth has knowledge of his entire defense strategy and additional time to locate a witness who was missing at the time of trial. We remand as set forth below.

As a prefatory matter, we examine whether we have jurisdiction over this appeal. *See Commonwealth v. Taylor*, 120 A.3d 1017, 1021 (Pa. Super. 2015). The *Taylor* Court, faced with a similar situation, initially held that it could not exercise appellate jurisdiction under Pa.R.A.P. 311(a)(6), as the defendant did not appeal from an order granting a new trial. *See id.* The *Taylor* Court then observed the following:

> We, nonetheless, may be able to exert jurisdiction over this appeal to the extent the order denying [the defendant's] pretrial motion to dismiss on double jeopardy grounds qualifies as a collateral order under Pa.R.A.P. 313. Rule 313 provides in part:
>
> > A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost.
>
> Pa.R.A.P. 313(b). The comment to Rule 313 specifically cites as an example of a collateral order an order denying a pre-trial motion to dismiss on double jeopardy grounds. Indeed, our Supreme Court has held that orders denying a defendant's motion to dismiss on double jeopardy grounds are appealable as collateral orders, so long as the motion is not found to be frivolous. *See Commonwealth v. Brady*, 510 Pa. 336, 508 A.2d 286, 291 (1986) (concluding "appeal from the denial of a motion to dismiss on double jeopardy grounds should not be permitted where the hearing court has considered the motion and made written findings that the motion is frivolous. Absent such a

- 6 -

finding, an appeal may be taken from the denial of the motion.") . . . .

Years after **Brady**, in 2013, the Pennsylvania Rules of Criminal Procedure were amended to codify the common law framework for motions to dismiss on double jeopardy grounds. In particular, effective July 4, 2013, Rule 587(B) was added to govern pretrial double jeopardy motions. Specifically, Rule 587(B) provides in pertinent part:

(1) A motion to dismiss on double jeopardy grounds shall state specifically and with particularity the basis for the claim of double jeopardy and the facts that support the claim.

(2) A hearing on the motion shall be scheduled in accordance with Rule 577 (Procedures Following Filing of Motion). The hearing shall be conducted on the record in open court.

(3) At the conclusion of the hearing, the judge shall enter on the record a statement of findings of fact and conclusions of law and shall issue an order granting or denying the motion.

(4) In a case in which the judge denies the motion, the findings of fact shall include a specific finding as to frivolousness.

(5) If the judge makes a finding that the motion is frivolous, the judge shall advise the defendant on the record that a defendant has a right to file a petition for review of that determination pursuant to Rule of Appellate Procedure 1573 within 30 days of the order denying the motion.

(6) If the judge denies the motion but does not find it frivolous, the judge shall advise the defendant on the record that the denial is immediately appealable as a collateral order.

Pa.R.Crim.P. 587(B) (emphasis added). To establish whether a motion to dismiss on double jeopardy grounds qualifies as a collateral order, trial courts must now, *inter*

*alia*, satisfy Rule 587(B)(3), (4), (5), and (6). Subsection (B)(3) requires the trial court, following a hearing, to enter on the record a statement of findings of fact and conclusions of law and its disposition of the double jeopardy motion. Subsection (B)(4) requires the trial court to render a specific finding on frivolousness in the event the court denies the double jeopardy motion. Subsection (B)(5) requires the trial court, if it finds frivolous the double jeopardy motion, to inform on the record a defendant of his or her right to petition for review under Pa.R.A.P. 1573 within 30 days of the order denying the motion. Subsection (B)(6) requires the court to advise a defendant of his immediate right to a collateral appeal if the court does not find the double jeopardy motion to be frivolous.

***Taylor***, 120 A.3d at 1021-23 (footnotes, emphases, and some citations omitted). The ***Taylor*** Court held that the trial court failed to comply with Pa.R.Crim.P. 587(B)(3)-(6), and remanded to have the trial court comply with Rule 587(B).

Because the instant appeal is not from an order granting a new trial, appellate jurisdiction does not arise under Pa.R.A.P. 311(a)(6), which governs interlocutory appeals as of right. ***See*** Pa.R.A.P. 311(a)(6); ***Taylor***, 120 A.3d at 1021. We note that the district attorney did not formally move to retry Appellant, but did not comment when (1) Appellant asked the court to bar Appellant from being retried, N.T. Post Trial Hr'g at 4, or (2) when the court scheduled the new trial for June. N.T. Post Trial Hr'g at 6. Thus, we construe Appellant's motion as a "pretrial" motion to dismiss on double jeopardy grounds. ***See Taylor***, 120 A.3d at 1021. It is evident, however, that the instant trial court, like the trial court in ***Taylor***, also failed to comply

- 8 -

with Pa.R.Crim.P. 587(B). The trial court entered no findings of fact or conclusions of law and did not issue a finding regarding frivolousness, all of which would have clarified whether this Court had appellate jurisdiction. *See* N.T. Post-Trial Hr'g at 2-6; *Taylor*, 120 A.3d 1021-23. Given the instant jurisdictional and procedural morass, we paraphrase from *Taylor*:

> Specifically, as required under Rule 587(B)(3), following oral argument, the trial court failed to enter on the record a statement of findings of fact and conclusions of law. Moreover, in denying Appellant's motion to dismiss on double jeopardy grounds, the trial court also failed to render a specific finding on frivolousness, as required under Rule 587(B)(4). The trial court did not find whether Appellant's motion to dismiss was or was not frivolous. Given the trial court's failure to comply with Rule 587[(B)], we are unable to decide whether we may exercise jurisdiction over this appeal. Consequently, we remand this matter to the trial court for compliance with Rule 587[(B)] and preparation of a supplemental Rule 1925(a) opinion within sixty days of the date of this opinion.

*Taylor*, 120 A.3d at 1023.

Case remanded with instructions to comply with Pa.R.Crim.P. 587(B)(2)-(6), and a supplemental Pa.R.A.P. 1925(a) decision within sixty days of the date of this decision. Panel jurisdiction retained.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/23/2015

- 9 -