J-S22008-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROBERT ANTHONY KOLOVICH, | |
| Appellant | No. 1273 MDA 2016 |

Appeal from the Order Entered June 30, 2016
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0002136-2014

BEFORE:  SHOGAN, MOULTON, and PLATT,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED MAY 11, 2017**

Appellant, Robert Anthony Kolovich, appeals from the order entered June 30, 2016, denying his motion to bar prosecution pursuant to the double jeopardy clause and 18 Pa.C.S. §§ 110 and 111.  After careful review, we remand the matter to the trial court for proceedings consistent with this Memorandum.

The trial court summarized the factual background of this case as follows:

> On April 30, 2014, [Appellant] was charged with one count [of] Deceptive or Fraudulent Business Practices (18 Pa.C.S.A. § 4107 (a)(2)) and one count Theft by Deception-False Impression (18 Pa.C.S.A. § 3922(a)(l)), both felonies of the third degree[1], as a result of conduct alleged to have occurred between August

_____

[*]  Retired Senior Judge assigned to the Superior Court.

28, 2013[,] and April 29, 2014[,] whereby [Appellant] allegedly obtained and withheld from the alleged victims an amount totaling $3,984.00 promising to purchase and install new windows for said individuals and failing to do so.[2]

[1] [Appellant] also filed a Motion to Quash Information which was granted as to Count I of the Information, (Deceptive Business Practices), and denied as to Count II (Theft by Deception).

[2] [Appellant] was also charged with two counts of Deceptive Business Practices and one count of Theft by Deception to Luzerne County Case Number 2941 - 2014 involving a different victim. A Motion to Bar Prosecution Pursuant to the Double Jeopardy Clause was also filed in that case. Said motion was likewise denied on June 30, 2016 but was not appealed.

On June 18, 2014[,] and July 9, 2014[, Appellant] was similarly charged in Centre County with Home Improvement Fraud, Theft by Deception, and Deceptive Business Practices.[3] Centre County defense counsel filed a Motion for Compulsory Joinder of Criminal Cases in Lycoming, Tioga, Susquehanna, Snyder, Northumberland, York, Bradford, Union, Luzerne, Mifflin and Dauphin [C]ounties to prevent a violation of [Appellant's] Double Jeopardy Protection under the 5th and 14th Amendments of both the State and Federal Constitutions. [Appellant's] motion was denied and [Appellant] was found not guilty on all charges after a jury trial. In addition, after being charged with similar offenses in Sullivan County, all charges were dismissed on March 5, 2015[,] pursuant to Pa.R.Crim.P. 586.[4]

[3] Centre County Information CP-14-CR-1249-2014 and CP-14-CR-1295-2015.

[4] "When a defendant is charged with an offense which is not alleged to have been committed by force or violence or threat thereof, the court may order the case to be dismissed upon motion and a showing that: (1) the public interest will not be adversely affected and (2) the attorney for the Commonwealth consents to the dismissal; and (3) satisfaction has been made to the aggrieved person or there is an agreement that satisfaction will be made to the

aggrieved person; and (4) there is an agreement as to who shall pay the costs."

Trial Court Opinion, 9/29/16, at 1-2.

Appellant filed a motion to bar prosecution pursuant to the double jeopardy clause and 18 Pa.C.S. §§ 110 and 111 on August 12, 2015. Appellant's motion was denied by order entered June 30, 2016. Appellant filed a notice of appeal on July 25, 2016. Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents the following issues for our review:

1. Did the trial court err, as a matter of law, in denying [Appellant's] Motion to bar prosecution pursuant to the Double Jeopardy Clause (state and federal) with respect to Count 2 of the Information?

2. Did the trial court err, as a matter of law, in denying [Appellant's] Motion to bar prosecution pursuant to 18 Pa.C.S. Section 110 and 111 with respect to Count 2 of the Information?

Appellant's Brief at 3.

Before turning to the merits of Appellant's argument, we must determine if we may exercise jurisdiction over this appeal. Initially, we acknowledge that issues of jurisdiction may be raised *sua sponte*. **Commonwealth v. Taylor**, 120 A.3d 1017, 1021 (Pa. Super. 2015). Moreover, "[w]hen considering the proper exercise of appellate jurisdiction, our review is *de novo*, and the scope of review is plenary." **Id.** at 1021 n.8 (citation omitted).

Here, Appellant claims that this Court has jurisdiction pursuant to Pa.R.A.P. 311, which pertains to interlocutory appeals as of right. Appellant's Brief at 1. However, Appellant does not address how an appeal may be taken as of right from the trial court's order denying his motion to bar prosecution, and we cannot discern how Rule 311 is applicable to the case at bar.[1]

We, nonetheless, may be able to exert jurisdiction over this appeal to the extent the order denying Appellant's pretrial motion to dismiss on double jeopardy grounds qualifies as a collateral order under Pa.R.A.P. 313. Rule 313 provides in part:

> A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost.

Pa.R.A.P. 313(b). The comment to Rule 313 specifically cites as an example of a collateral order an order denying a pretrial motion to dismiss on double jeopardy grounds. *Id.* at cmt. ("Examples of collateral orders include orders denying pre-trial motions to dismiss based on double jeopardy in which the court does not find the motion frivolous, *Commonwealth v.*

---

[1] Appellant cites *Commonwealth v. Kivlin*, 406 A.2d 799 (Pa. Super. 1979), in support of his assertion that this Court has jurisdiction as an interlocutory appeal as of right. Appellant's Brief at 1. While *Kivlin* states that an order denying a motion to dismiss on double jeopardy grounds is immediately appealable, it does not cite to Pa.R.A.P. 311. *Kivlin*, 406 A.2d at 801 n.1.

***Brady***, 510 Pa. 336, 508 A.2d 286, 289-91 (1986).").  "Indeed, our Supreme Court has held that orders denying a defendant's motion to dismiss on double jeopardy grounds are appealable as collateral orders, so long as the motion is not found to be frivolous." ***Taylor***, 120 A.3d at 1021.

In 2013, the Pennsylvania Rules of Criminal Procedure were amended to codify the common law framework for motions to dismiss on double jeopardy grounds.  In particular, Rule 587(B) was added to govern pretrial double jeopardy motions.  Specifically, Rule 587(B) provides as follows:

> (1) A motion to dismiss on double jeopardy grounds shall state specifically and with particularity the basis for the claim of double jeopardy and the facts that support the claim.
>
> (2) A hearing on the motion shall be scheduled in accordance with Rule 577 (Procedures Following Filing of Motion).  The hearing shall be conducted on the record in open court.
>
> (3) At the conclusion of the hearing, the judge shall enter on the record a statement of findings of fact and conclusions of law and shall issue an order granting or denying the motion.
>
> (4) In a case in which the judge denies the motion, the findings of fact shall include a specific finding as to frivolousness.
>
> (5) If the judge makes a finding that the motion is frivolous, the judge shall advise the defendant on the record that a defendant has a right to file a petition for review of that determination pursuant to Rule of Appellate Procedure 1573 within 30 days of the order denying the motion.
>
> (6) If the judge denies the motion but does not find it frivolous, the judge shall advise the defendant on the record that the denial is immediately appealable as a collateral order.

Pa.R.Crim.P. 587(B).

This Court had the opportunity to interpret Rule 587(B) in the context of a trial court's failure to fully comply with the rule in *Taylor*, 120 A.3d at 1021. This Court explained:

> To establish whether a motion to dismiss on double jeopardy grounds qualifies as a collateral order, trial courts must now, *inter alia*, satisfy Rule 587(B)(3), (4), (5), and (6). Subsection (B)(3) requires the trial court, following a hearing, to enter on the record a statement of findings of fact and conclusions of law and its disposition of the double jeopardy motion. Subsection (B)(4) requires the trial court to render a specific finding on frivolousness in the event the court denies the double jeopardy motion. Subsection (B)(5) requires the trial court, if it finds frivolous the double jeopardy motion, to inform on the record a defendant of his or her right to petition for review under Pa.R.A.P. 1573 within 30 days of the order denying the motion. Subsection (B)(6) requires the court to advise a defendant of his immediate right to a collateral appeal if the court does not find the double jeopardy motion to be frivolous.

*Taylor*, 120 A.3d at 1022-1023 (footnote omitted).

In *Taylor*, the trial court denied the appellant's motion to dismiss on double jeopardy grounds, but failed to enter on the record a statement of findings of fact and conclusions of law. Further, it did not make a determination of whether the defendant's motion to dismiss on double jeopardy grounds was frivolous. *Id.* Regarding the trial court's failure to fully comply with Rule 587(B), this Court held:

> [O]ur review of the record, in particular the [motion to dismiss on double jeopardy grounds] argument transcript, reveals the trial court failed to comply with Rule 587(B)(3) th[r]ough (6). Specifically, as required under Rule 587(B)(3), following oral argument, the trial court failed to enter on the record a statement of findings of fact and conclusions of law. Moreover, in denying [a]ppellant's motion to dismiss on double jeopardy grounds, the trial court also failed to render a specific finding on

frivolousness, as required under Rule 587(B)(4). The trial court did not find whether [a]ppellant's motion to dismiss was or was not frivolous. Given the trial court's failure to comply with Rule 587[(B)], we are unable to decide whether we may exercise jurisdiction over this appeal. Consequently, we remand this matter to the trial court for compliance with Rule 587[(B)] and preparation of a supplemental Rule 1925(a) opinion within sixty days of the date of this opinion.

*Id.* (footnotes omitted).

Here, the docket indicates that a motions hearing took place on September 2, 2015. Also included in the record is a partial transcript from that proceeding. The transcript is missing multiple pages. The citation on the bottom of the included pages indicates that there are seventeen pages to the transcript. N.T., 9/2/16, at 2, 3 (unpaginated). The transcript in the certified record includes only pages two to five and ten to thirteen. *Id.* While the included pages reflect that Appellant's motion to bar prosecution based on double jeopardy principles was discussed at that hearing, there is no indication that the trial court entered on the record a statement of findings of fact and conclusions of law in granting or denying the motion, as required by Pa.R.Crim.P. 587(B)(3). Moreover, there is no reference to a specific finding as to frivolousness. Pa.R.Crim.P. 587(B)(4). Relatedly, the hearing does not reflect the trial court's compliance with the requirements pertaining to the court's advisement regarding appeal rights. Pa.R.Crim.P. 587(B)(5) & (6). Thus, due to the incomplete transcript, we are unable to discern whether the trial court complied with Pa.R.Crim.P. 587(B) during this hearing. We further note that there is no other reference in the certified

record regarding a specific finding of frivolousness by the trial court regarding Appellant's motion.

Because this vital information is missing, we are unable to determine if we have jurisdiction over this appeal. Due to the deficiencies in the record, we remand this matter to the trial court to conduct a hearing on the motion in compliance with the requirements set forth in Rule 587(B) if it has not already done so, as such is not clear from the partial hearing transcript. Conversely, if the hearing complied with the rule, the trial court shall forward a certified complete copy of the transcript to this Court. The trial court is directed to prepare a supplemental Pa.R.A.P. 1925(a) opinion. The foregoing should be completed within sixty days of the date of this Memorandum. Upon the filing of a supplemental opinion, the certified record is to be returned to this Court.

Case remanded. Panel Jurisdiction retained.[2]

---

[2] Our retaining jurisdiction over this appeal would not excuse Appellant from complying with Pa.R.Crim.P. 587(B)(5) and Pa.R.A.P. 1573 in the event the trial court determines that his double jeopardy motion is frivolous. **Taylor**, 120 A.3d at 1023 n.12.