J-A06028-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| THOMAS TINSLEY, | |
| Appellant | No. 431 EDA 2016 |

Appeal from the Order January 21, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0011849-2013

BEFORE:  PANELLA, SHOGAN, and RANSOM, JJ.

MEMORANDUM BY SHOGAN, J.:                         **FILED JULY 18, 2017**

Appellant, Thomas Tinsley, appeals from the order entered January 21, 2016, denying his motion to dismiss on double jeopardy grounds pursuant to 18 Pa.C.S. § 110.  After careful review, we remand the matter to the trial court for compliance with Pa.R.Crim.P. 587(B).

The trial court summarized the factual and procedural history of this case as follows:

> According to the arresting officer, on September 3, 2013, he saw [Appellant] run a stop sign and pulled him over, at which time he "recovered" a loaded firearm.  He issued [Appellant] a citation for running a stop sign and arrested him for possession of the gun.  [Appellant] was charged with Carrying a Firearm While Prohibited, Without a License, and in Public[,] and Possession of an Instrument of Crime.[2]  Due to the fact that, in his testimony, the officer did not specify, and his records did not indicate, exactly how or from where the gun was recovered, nor that it was used in a criminal fashion, the latter two charges were dismissed for lack of evidence.   At a hearing on

[Appellant's] motion to suppress, the same officer testified about the incident in much greater detail, in particular that he found the weapon in the glove box of [Appellant's] vehicle. On November 5, 2013, at a hearing in Philadelphia Traffic Court, [Appellant] pled not guilty but was convicted of disregarding a stop sign. [The motion to suppress] was denied on April 23, 2014, and on November 24, 2015, he filed [a] motion to dismiss[,] claiming that his prosecution for the weapons offenses was barred. At the end of the hearing on the motion, the court scheduled the case "must be tried" for May 23, 2016, this appeal was filed the next day, and it does not appear that [Appellant] has requested a stay of proceedings.

> [2] 75 Pa.C.S. § 3323(b); 18 Pa.C.S. § 6105(a)(1), 6106(a)(1), 6108 & 907(a).

Trial Court Opinion, 4/14/16, at 1-2 (two footnotes omitted). The trial court and Appellant complied with Pa.R.A.P. 1925.

Appellant presents the following issue for our review:

1. Did the lower court commit an error of law when, in denying Appellant's Motion to Dismiss for Double Jeopardy based on 18 Pa.C.S. § 110, it cited to and relied upon cases interpreting a prior version of Section 110, which was amended in 2002, and which **now** requires the Commonwealth to join offenses that occurred within one judicial district?

Appellant's Brief at 2 (emphasis in original).

Before turning to the merits of Appellant's argument, we must determine if we may exercise jurisdiction over this appeal. Initially, we acknowledge that issues of jurisdiction may be raised *sua sponte*. ***Commonwealth v. Taylor***, 120 A.3d 1017, 1021 (Pa. Super. 2015). Moreover, "[w]hen considering the proper exercise of appellate jurisdiction,

our review is *de novo*, and the scope of review is plenary." ***Id.*** at 1021 n.8 (citation omitted).

Pa.R.A.P. 313 provides in part:

A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost.

Pa.R.A.P. 313(b). The comment to Rule 313 specifically cites as an example of a collateral order an order denying a pretrial motion to dismiss on double jeopardy grounds. ***Id.*** at cmt. ("Examples of collateral orders include orders denying pre-trial motions to dismiss based on double jeopardy in which the court does not find the motion frivolous, ***Commonwealth v. Brady***, 510 Pa. 336, 508 A.2d 286, 289-91 (1986)."). "Indeed, our Supreme Court has held that orders denying a defendant's motion to dismiss on double jeopardy grounds are appealable as collateral orders, so long as the motion is not found to be frivolous." ***Taylor***, 120 A.3d at 1021.

In 2013, the Pennsylvania Rules of Criminal Procedure were amended to codify the common law framework for motions to dismiss on double jeopardy grounds. In particular, Pa.R.Crim.P. 587(B) was added to govern pretrial double jeopardy motions. Specifically, Rule 587(B) provides as follows:

(1) A motion to dismiss on double jeopardy grounds shall state specifically and with particularity the basis for the claim of double jeopardy and the facts that support the claim.

(2) A hearing on the motion shall be scheduled in accordance with Rule 577 (Procedures Following Filing of Motion). The hearing shall be conducted on the record in open court.

(3) At the conclusion of the hearing, the judge shall enter on the record a statement of findings of fact and conclusions of law and shall issue an order granting or denying the motion.

(4) In a case in which the judge denies the motion, the findings of fact shall include a specific finding as to frivolousness.

(5) If the judge makes a finding that the motion is frivolous, the judge shall advise the defendant on the record that a defendant has a right to file a petition for review of that determination pursuant to Rule of Appellate Procedure 1573 within 30 days of the order denying the motion.

(6) If the judge denies the motion but does not find it frivolous, the judge shall advise the defendant on the record that the denial is immediately appealable as a collateral order.

Pa.R.Crim.P. 587(B).

This Court had the opportunity to interpret Rule 587(B) in the context of a trial court's failure to fully comply with the rule in *Taylor*, 120 A.3d at 1021. This Court explained:

> To establish whether a motion to dismiss on double jeopardy grounds qualifies as a collateral order, trial courts must now, *inter alia*, satisfy Rule 587(B)(3), (4), (5), and (6). Subsection (B)(3) requires the trial court, following a hearing, to enter on the record a statement of findings of fact and conclusions of law and its disposition of the double jeopardy motion. Subsection (B)(4) requires the trial court to render a specific finding on frivolousness in the event the court denies the double jeopardy motion. Subsection (B)(5) requires the trial court, if it finds frivolous the double jeopardy motion, to inform on the record a defendant of his or her right to petition for review under Pa.R.A.P. 1573 within 30 days of the order denying the motion. Subsection (B)(6) requires the court to advise a defendant of his immediate right to a collateral appeal if the court does not find the double jeopardy motion to be frivolous.

- 4 -

*Taylor*, 120 A.3d at 1022-1023 (footnote omitted).

In *Taylor*, the trial court denied the appellant's motion to dismiss on double jeopardy grounds, but failed to enter on the record a statement of findings of fact and conclusions of law. Further, it did not make a determination of whether the appellant's motion to dismiss on double jeopardy grounds was frivolous. *Id.* at 1023. Regarding the trial court's failure to fully comply with Rule 587(B), this Court held:

> [O]ur review of the record, in particular the [motion to dismiss on double jeopardy grounds] argument transcript, reveals the trial court failed to comply with Rule 587(B)(3) th[r]ough (6). Specifically, as required under Rule 587(B)(3), following oral argument, the trial court failed to enter on the record a statement of findings of fact and conclusions of law. Moreover, in denying [a]ppellant's motion to dismiss on double jeopardy grounds, the trial court also failed to render a specific finding on frivolousness, as required under Rule 587(B)(4). The trial court did not find whether [a]ppellant's motion to dismiss was or was not frivolous. Given the trial court's failure to comply with Rule 587[(B)], we are unable to decide whether we may exercise jurisdiction over this appeal. Consequently, we remand this matter to the trial court for compliance with Rule 587[(B)] and preparation of a supplemental Rule 1925(a) opinion within sixty days of the date of this opinion.

*Id.* (footnotes omitted).

In this case, a hearing on Appellant's motion to dismiss based on double jeopardy grounds was held on January 20, 2016. N.T., 1/20/16, at 2-31. Review of that hearing transcript reflects argument presented by defense and Commonwealth counsel regarding Appellant's motion. *Id.* at 3-25. At the conclusion of the argument, the trial court denied the motion,

concluding that not all of the factors under 18 Pa.C.S. § 110 had been met. *Id.* at 25. After denying the motion, the trial court judge immediately proceeded to address the Commonwealth's unrelated motion. *Id.*

As in *Taylor*, the trial court in this case failed to comply with Rule 587(B)(3) through (6). Specifically, the trial court failed to enter on the record a statement of findings of fact and conclusions of law and failed to render a specific finding on frivolousness. The trial court also failed to comply with related factors 587(B)(5) and (6).

We note that in its Pa.R.A.P. 1925(a) opinion, the trial court stated, "The same precedents that demonstrate that [Appellant's] claim here is patently frivolous also demonstrate it is equally meritless." Trial Court Opinion, 4/14/16, at 4. The trial court opinion also includes the following conclusory statement: "Wherefore, [Appellant's] claim is patently both frivolous and completely lacking in merit and the court's denial of his motion should be affirmed." *Id.* at 8.

It appears that the trial court therein was attempting to comply with the requirement that a determination as to the frivolousness of a motion to dismiss on double jeopardy grounds be indicated. These statements reflecting the trial court's apparent determination regarding the frivolousness of Appellant's motion to dismiss on double jeopardy grounds, however, are insufficient to satisfy the criteria of Pa.R.Crim.P. 587(B) and *Taylor*. As previously outlined, the trial court failed to place on the record a statement

of findings of fact and conclusions of law and failed to render a specific finding on frivolousness. Thus, the determination regarding frivolousness of the motion was not made, at least to the parties, until the trial court issued its Pa.R.A.P. 1925(a) opinion after Appellant filed an appeal.

Rule 587(B)(3) states: "**At the conclusion of the hearing**, the judge shall enter on the record a statement of findings of fact and conclusions of law and shall issue an order granting or denying the motion." Pa.R.Crim.P. 587(B)(3) (emphasis added). Moreover, subsection 587(B)(4) provides: "In a case in which the judge denies the motion, the findings of fact shall include a specific finding as to frivolousness."

Additionally, in *Taylor*, we took note of the final report on Rule 587(B) issued by the criminal procedure rules committee, which states:

> The members of the Criminal Committee noted, anecdotally, that frequently judges will deny the motion to dismiss on double jeopardy grounds without making a finding with regard to frivolousness unless or until a defendant challenges the denial of the motion, and that some judges do not explain the basis for finding the motion frivolous. Recognizing that these practices are a source of confusion and that they cause problems for defendants and appellate courts when such motions are denied, **the amendments require the trial judge to make a specific finding as to frivolousness at the time the judge decides the double jeopardy motion, and further require a trial judge to make a contemporaneous record of the judge's reasons for his or her findings.**

*Taylor*, 120 A.3d at 1022 n.10 (emphasis added). We interpret these mandates to reflect the requirement that the finding of frivolousness be

made at the time the hearing on the motion to dismiss on double jeopardy grounds takes place.

Accordingly, the trial court's subsequent finding of frivolousness in its Pa.R.A.P. 1925(a) opinion regarding Appellant's motion to dismiss on double jeopardy grounds is insufficient to satisfy the requirement pursuant to Pa.R.Crim.P. 587(B)(3) and (4). Moreover, the trial court failed to comply with the remaining criteria outlined in Pa.R.Crim.P. 587(B). Consequently, we remand this matter to the trial court for compliance with Pa.R.Crim.P. 587(B) and the preparation of a supplemental Rule 1925(a) opinion within sixty days of the date of this opinion.[1] Upon the filing of a supplemental opinion, the certified record is to be returned to this Court.

Case remanded. Panel jurisdiction retained.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/18/2017

---

[1] Our retaining jurisdiction over this appeal would not excuse Appellant's non-compliance with Criminal Rule 587(B)(5) and Appellate Rule 1573 in the event the trial court determines his double jeopardy motion to be frivolous.