J-S07017-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEROME ANTHONY KENNEDY, JR. | : | |
| | : | |
| Appellant | : | No. 1038 MDA 2018 |

Appeal from the Order Entered June 15, 2018
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s): CP-41-CR-0001924-2016

BEFORE:   OLSON, J., McLAUGHLIN, J., and PELLEGRINI*, J.

MEMORANDUM BY McLAUGHLIN, J.:          **FILED: MAY 2, 2019**

Jerome Anthony Kennedy, Jr. appeals from the order denying his motion to dismiss, which alleged the Commonwealth was barred from prosecuting him on double jeopardy grounds. Because the trial court did not make a finding as to whether Kennedy's motion was frivolous, and such a finding is required before we can determine whether we have jurisdiction over this appeal, we remand.

The trial court set forth the following procedural history:

> The Commonwealth charged [Kennedy] with delivery of a controlled substance, three counts of possession with intent to deliver a controlled substance, two counts of possession of a controlled substance, two counts of possession of drug paraphernalia, and one count of criminal use of a communication facility.
>
> A jury trial began on December 7, 2017. During the course of the trial, jurors reported an incident that happened on the elevator when they were leaving for their lunch break. Before the elevator doors closed, two of [Kennedy's] female

_____
*   Retired Senior Judge assigned to the Superior Court.

supporters pushed their way onto the already full elevator. When the elevator arrived at the lobby, the taller lady (who was subsequently identified as [Kennedy's] girlfriend, Alexis Lucas) turned away from the elevator doors and toward the six or seven jurors who were on the elevator. Ms. Lucas put her arms out, blocking the jurors and other people who were on the elevator from exiting. Ms. Lucas did this for approximately 15 seconds, and then she turned around, walked out of the elevator, and slammed the outside door.

When the jurors came back from lunch, they reported the incident to the court. Following an *in camera* hearing, the court declared a mistrial, without objection from defense counsel.

Following the mistrial, defense counsel, who was privately retained, filed a motion to withdraw because [Kennedy] was not complying with his contractual obligations. The court granted the motion to withdraw and an assistant public defender began representing [Kennedy].

On April 23, 2018, [Kennedy] filed a motion to dismiss based on double jeopardy grounds. [Kennedy] contended that there was not a manifest necessity for the court to declare a mistrial *sua sponte* and less drastic measures should have been considered, including waiting to see if Ms. Lucas would be called as a witness for the defense. On May 31, 2018, following an argument, the court denied [Kennedy's] motion.

Trial Court Opinion, filed November 8, 2018, at 1-2.

At the hearing on the motion, the trial court did not make a finding on the record as to whether Kennedy's motion to dismiss was frivolous. The order denying the motion also did not include a finding as to whether the motion was frivolous.

Kennedy filed a Notice of Appeal. He raises the following question: "Whether the trial court erred in denying [Kennedy's] motion to dismiss based

on [Kennedy's] constitutional right against double jeopardy?" Kennedy's Br. at 7.

Before we can reach the merits of Kennedy's claim, we must determine whether we have jurisdiction over the order denying his motion to dismiss.

An order denying a motion to dismiss on double jeopardy grounds may be appealable as a collateral order under Pennsylvania Rule of Appellate Procedure 313(b). **See Commonwealth v. Taylor**, 120 A.3d 1017, 1021 (Pa.Super. 2015). The Pennsylvania Supreme Court has held that "orders denying a defendant's motion to dismiss on double jeopardy grounds are appealable as collateral orders, so long as the motion is not found to be frivolous." **Id.** (citing **Commonwealth v. Brady**, 508 A.2d 286, 291 (Pa. 1986)). Pennsylvania Rule of Criminal Procedure 587 provides, in relevant part:

> **(B) Double Jeopardy**
>
> (1) A motion to dismiss on double jeopardy grounds shall state specifically and with particularity the basis for the claim of double jeopardy and the facts that support the claim.
>
> (2) A hearing on the motion shall be scheduled in accordance with Rule 577 (Procedures Following Filing of Motion). The hearing shall be conducted on the record in open court.
>
> (3) At the conclusion of the hearing, the judge shall enter on the record a statement of findings of fact and conclusions of law and shall issue an order granting or denying the motion.

**(4) In a case in which the judge denies the motion, the findings of fact shall include a specific finding as to frivolousness.**

**(5) If the judge makes a finding that the motion is frivolous, the judge shall advise the defendant on the record that a defendant has a right to file a petition for review of that determination pursuant to Rule of Appellate Procedure 1573 within 30 days of the order denying the motion.**

**(6) If the judge denies the motion but does not find it frivolous, the judge shall advise the defendant on the record that the denial is immediately appealable as a collateral order.**

Pa.R.Crim.P. 587(B) (emphasis added). When denying the motion, the Rule requires that the trial judge make a finding as to whether the defendant's motion is frivolous. *See id.* If the trial court finds the motion was not frivolous, the order is appealable as a collateral order. *See Taylor*, 120 A.3d at 1022-23. If, however, the court finds the motion is frivolous, we have jurisdiction only if the defendant files, and we grant, a petition for review under Rule 1573 and thus allow the appeal. *See id.*; Pa.R.Crim.P. 587(B)(5); Pa.R.A.P. 1573; *see also* G. Ronald Darlington et al. 20A West's Pa. Prac., Appellate Practice § 1573:1. Therefore, if a trial court does not make a finding as to frivolousness, this Court cannot determine whether we have jurisdiction.

Here, we have reviewed the transcript of the hearing addressing the motion to dismiss and the order and opinion addressing the motion, and have found no trial court determination as to whether the motion to dismiss was frivolous. We therefore remand this case to the trial court for compliance with Rule 587 and preparation of a supplemental opinion pursuant to Pennsylvania

Rule of Appellate Procedure 1925(a) within 45 days of the date of this memorandum. Upon the filing of the supplemental opinion, the trial court shall return the certified record to this court.[1]

Case remanded. Jurisdiction retained.

Judge Pellegrini joins the Memorandum.

Judge Olson files a Concurring Memorandum.

---

[1] Our retaining of jurisdiction over this appeal would not excuse Kennedy's non-compliance with Criminal Procedure Rule 587(B)(5) and Appellate Rule 1573 in the event the trial court determines his double jeopardy motion to be frivolous.