COMMONWEALTH of Pennsylvania

v.

**Tayquine DIGGS, Appellant**

**No. 3150 EDA 2015**

Superior Court of Pennsylvania.

Submitted March 15, 2017

Filed October 19, 2017

Karl Baker, Public Defender, and Jason E. Parris, Public Defender, Philadelphia, for appellant.

Hugh J. Burns, Assistant District Attorney, and Michael L. Erlich, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

BEFORE: PANELLA, J., SHOGAN, J., and RANSOM, J.

OPINION BY RANSOM, J.:

Appellant, Tayquine Diggs, appeals from the order entered October 2, 2015, denying his motion to dismiss, which asserted a violation of Pennsylvania's compulsory joinder rule. *See* 18 Pa.C.S. § 110. After careful review, we remand with instructions.

We derive the following statement of facts and procedural background of this case from the trial court opinion. In January 2013, Appellant was arrested in the City and County of Philadelphia.[1] At that time, Appellant was charged with driving under the influence ("DUI") and simultaneously charged with the summary traffic offenses of driving while operating privilege is suspended and driving without required lighting.[2] In March 2013, Appellant was found guilty of both traffic offenses in the Traffic Court of Philadelphia. The remaining charge was listed in the Philadelphia Municipal Court for disposition.

At a court listing in May 2015, Appellant moved to dismiss the DUI charge pursuant to 18 Pa.C.S. § 110, known as the compulsory joinder rule.[3] Following a

---

1. Philadelphia is the First Judicial District of Pennsylvania. 42 Pa.C.S. § 901(a).

2. *See* 75 Pa.C.S. §§ 3802 (graded as a misdemeanor), 1543(a) and 4303(b), respectively.

3. Pennsylvania's compulsory joinder statute states in relevant part:

   § 110. When prosecution barred by former prosecution for different offense
   Although a prosecution is for a violation of a different provision of the statutes than a

former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:
(1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for the same offense) and the subsequent prosecution is for:

   * * *

(ii) any offense based on the same conduct or arising from the same criminal episode,

hearing, the Honorable Joyce Eubanks denied Appellant's motion to dismiss. However, no findings of fact, conclusions of law, or findings as to frivolousness were entered on the record. Municipal Court Notes of Testimony (N.T.), 5/28/2015 at 3–13.[4] Appellant timely filed a petition to the Philadelphia Court of Common Pleas, seeking a writ of certiorari. Thereafter, the Court of Common Pleas denied the petition.[5]

Appellant timely filed a notice of appeal in this Court. Appellant filed a court-ordered 1925(b) statement wherein he claimed that the Court of Common Pleas erred in denying the writ of certiorari and that this matter should have been dismissed pursuant to 18 Pa.C.S. § 110. The court filed a responsive opinion in July 2016.

Appellant raises the following claim for our review:

1. Did not the lower court err in denying [A]ppellant's motion to dismiss pursuant to 18 Pa.C.S. § 110 where [A]ppellant had previously been convicted of an offense which arose from the same criminal episode as the offense in the instant case?

Appellant's Brief, at 3.

■ As an initial matter, we must determine whether this Court has jurisdiction over the instant appeal. Issues of jurisdiction may be raised *sua sponte*. ***Commonwealth v. Taylor***, 120 A.3d 1017, 1021 (Pa. Super. 2015).

■ An order denying a pretrial motion to dismiss on double jeopardy grounds is appealable as a collateral order.[6] *See **Commonwealth v. Brady***, 510 Pa. 336, 508 A.2d 286, 289–91 (1986) (holding that an immediate appeal from the denial of a double jeopardy claim is allowable under the collateral order doctrine where the trial court does not make a finding of frivolousness). Pennsylvania Rule of Criminal Procedure 587(B) governs motions to dismiss on double jeopardy grounds and provides in relevant part:

(1) A motion to dismiss on double jeopardy grounds shall state specifically and with particularity the basis for the claim of double jeopardy and the facts that support the claim.

(2) A hearing on the motion shall be scheduled in accordance with Rule 577 (Procedures Following Filing of Motion). The hearing shall be conducted on the record in open court.

(3) At the conclusion of the hearing, the judge shall enter on the record a statement of findings of fact and conclusions of law and shall issue an order granting or denying the motion.

if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and occurred within the same judicial district as the former prosecution unless the court ordered a separate trial of the charge of such offense[.]
18 Pa.C.S. § 110(1)(ii) (2002).

4. The Municipal Court Notes of Testimony were submitted to this Court as part of the certified record.

5. "This Court has held that when a defendant files a petition for a writ of certiorari, the Philadelphia Court of Common Pleas sits as an appellate court[;] [] a petition for writ of certiorari asks the Common Pleas Court to review the record made in the Municipal Court." *Commonwealth v. Beaufort*, 112 A.3d 1267, 1269 (Pa. Super. 2015) (internal citations omitted),

6. "A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa.R.A.P. 313(b).

(4) In a case in which the judge denies the motion, the findings of fact shall include a specific finding as to frivolousness.

(5) If the judge makes a finding that the motion is frivolous, the judge shall advise the defendant on the record that a defendant has a right to file a petition for review of that determination pursuant to Rule of Appellate Procedure 1573 within 30 days of the order denying the motion.

(6) If the judge denies the motion but does not find it frivolous, the judge shall advise the defendant on the record that the denial is immediately appealable as a collateral order.

Pa.R.Crim.P. 587(B)(1)–(6).

As Section 110 "embodies the same basic purposes as those underlying the double jeopardy clauses, the interlocutory appealability of double jeopardy claims has been applied to claims based on Section 110." *Commonwealth v. Bracalielly*, 540 Pa. 460, 658 A.2d 755, 759–60 (Pa. 1995); *see also* Pa.R.A.P. 313(b). Thus, we hold that Pa.R.Crim.P. 587(B) applies to motions to dismiss based on Section 110.

In *Taylor*, 120 A.3d at 1021, we remanded the matter for compliance with Rule 587(B) because the trial court had denied the appellant's motion to dismiss on double jeopardy grounds without entering on the record a statement of findings of fact and conclusions of law. *Id.* at 1023. The court also failed to make a determination of whether the appellant's motion to dismiss was frivolous. *Id.* We explained a trial court's responsibilities pursuant to Pa. R.Crim.P. 587:

> To establish whether a motion to dismiss on double jeopardy grounds qualifies as a collateral order, trial courts must now, *inter alia*, satisfy Rule 587(B)(3), (4), (5), and (6). Subsection (B)(3) requires the trial court, following a hearing, to enter on the record a statement of findings of fact and conclusions of law and its disposition of the double jeopardy motion. Subsection (B)(4) requires the trial court to render a specific finding on frivolousness in the event the court denies the double jeopardy motion. Subsection (B)(5) requires the trial court, if it finds frivolous the double jeopardy motion, to inform on the record a defendant of his or her right to petition for review under Pa.R.A.P. 1573 within 30 days of the order denying the motion. Subsection (B)(6) requires the court to advise a defendant of his immediate right to a collateral appeal if the court does not find the double jeopardy motion to be frivolous.

*Taylor*, 120 A.3d at 1022–1023 (footnote omitted).

Here, our review of the transcript and record reveals that the Municipal Court failed to comply with Rule 587(B). As in *Taylor*, the court denied Appellant's motion to dismiss on double jeopardy grounds (i.e., Section 110) without entering on the record a statement of findings of fact and conclusions of law. N.T., 5/28/2015 at 3–13; *see* Pa.R.Crim.P. 587(B)(4). Further, the Municipal Court failed to make a determination of whether Appellant's motion to dismiss was frivolous pursuant to Pa.R.Crim.P. 587(B)(3). *Id.*

Without the requirements of Rule 587(B) having been met, the Court of Common Pleas, sitting as an appellate court, could not properly determine whether it could exercise jurisdiction. Accordingly, we too are unable to determine whether we may exercise jurisdiction over this appeal. Consequently, we order the following:

(1) The order denying Appellant's petition for writ of *certiorari* is vacated;

(2) This matter is remanded to the Court of Common Pleas with instruc-

tions to remand the case to the Municipal Court with instructions that Judge Joyce Eubanks comply with Rule 587(B);

(3) Following compliance with Rule 578(B), the Court of Common Pleas shall prepare a supplemental Rule 1925(a) opinion; and

(4) We relinquish jurisdiction.

Order denying Appellant's petition for writ of certiorari vacated. Case remanded for proceedings consistent with this opinion. Jurisdiction relinquished.