J-S02010-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| NYJEE JEFFERSON | : | |
| Appellant | : | No. 1326 EDA 2017 |

Appeal from the Order March 28, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0012233-2015,
CP-51-CR-0012234-2015, CP-51-CR-0012235-2015

BEFORE:  BOWES, J., NICHOLS, J., and RANSOM, J.*

MEMORANDUM BY BOWES, J.:                    **FILED MAY 21, 2018**

Nyjee Jefferson files this interlocutory appeal from the order denying his motion for relief pursuant to the compulsory joinder statute, 18 Pa.C.S. § 110.  We remand with instructions.

On December 3, 2015, a joint preliminary hearing was held on the three cases at issue in this appeal.  Briefly, the testimony established that on October 19, 2015, a civilian observed Appellant and another individual in the backyard of a home located at 819 E. Rittenhouse Street.  The civilian, who lived in the neighborhood and knew the homeowner, did not recognize the two men.  After a brief conversation, Appellant and the other individual entered a vehicle and left.  The civilian called 911 to report the incident and supplied the license plate.  For purposes of the preliminary hearing, the parties stipulated that the homeowner did not give Appellant permission to

* Retired Senior Judge Assigned to the Superior Court.

enter the home and that there were pry marks along the metal frame of the door. Appellant was thereafter charged with attempted burglary, criminal mischief, and conspiracy.

Next, the Commonwealth called a resident of 7215 Mansfield Avenue, who testified that on October 19, 2015, at approximately 5:30 p.m., he saw and heard Appellant and another man attempting to break into his home.[1] The resident saw his basement door open, causing him to run outside to flag down a police officer. After finding an officer, he jogged back home and observed Appellant running across the awnings of his home as well as nearby buildings. As a result, Appellant was charged with burglary, criminal trespass, criminal mischief, possession of an instrument of crime, and conspiracy.

Finally, the parties stipulated for purposes of the preliminary hearing that Officer Joseph Campbell checked the license plate of a black SUV that was parked in the driveway of the Mansfield Avenue residence. That vehicle had been reported stolen on or about October 14, 2015. As a result, Appellant was charged with receipt of stolen property, unauthorized use of a vehicle, and conspiracy.

---

[1] According to Appellant's brief, this property was approximately six blocks from 819 E. Rittenhouse Street. The Commonwealth's brief disagrees, and states that it was almost two miles.

While these charges were awaiting trial, Appellant was additionally charged at six separate dockets with one count of criminal mischief at each case. The charges stemmed from the aforementioned flight from 7215 Mansfield Avenue, which resulted in Appellant damaging six other awnings. Appellant pleaded guilty to all six cases. The Commonwealth offered the following summary:

> [T]he Commonwealth's evidence would show that on or about October 19th of 2015 officers responded to a burglary in progress. When they arrived, they observed the defendant coming out of a second floor window. He attempted to evade the police and in so doing ran on the awnings of several row houses to avoid those police apprehension [*sic*]. He was apprehended, but in the process of fleeing, he damaged no less than six awnings of six different individuals amounting to several hundred if not thousands of dollars in damage.

N.T. Plea, 9/9/16, at 12. Appellant was sentenced to concurrent terms of eighteen months probation at each docket.

On March 8, 2017, Appellant filed a motion at these three dockets, seeking to bar prosecution of all charges pursuant to the compulsory joinder statute, which states in pertinent part:

> Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:
>
> (1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for the same offense) and the subsequent prosecution is for:
>
> > (i) any offense of which the defendant could have been convicted on the first prosecution;

- 3 -

(ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and occurred within the same judicial district as the former prosecution unless the court ordered a separate trial of the charge of such offense; or

(iii) the same conduct, unless:

(A) the offense of which the defendant was formerly convicted or acquitted and the offense for which he is subsequently prosecuted each requires proof of a fact not required by the other and the law defining each of such offenses is intended to prevent a substantially different harm or evil; or

(B) the second offense was not consummated when the former trial began.

18 Pa.C.S. § 110(1).

Appellant averred that prosecution was barred pursuant to § 110(1)(ii), in that all three crimes arose from the same criminal episode as the flight that resulted in the six criminal mischief charges. The trial court granted partial relief. Particularly, the trial court agreed that the Commonwealth could not proceed on the criminal mischief charge for the damaged awning at 7215 Mansfield Avenue. "So I would grant your motion with respect to any criminal mischief claim . . . and any damage claim to the

outside of the property." N.T. Motion to Dismiss, 3/28/17, at 8. The motion was denied in all other respects.[2]

Appellant immediately announced that he was "entitled to take an interlocutory appeal," to which the trial court stated, "So you – make your appeal." *Id*. at 11. Appellant did so and the trial court issued an opinion in response, which addressed the substantive merits of Appellant's compulsory joinder argument. Appellant raises the following claim for our review:

> Did the lower court err in denying defendant's Motion to Bar Prosecution on Double Jeopardy Grounds and Pursuant to 18 Pa.C.S. § 110 where defendant had previously entered a guilty plea to criminal conduct arising from the same conduct and criminal episode?

Appellant's brief at 3.

We agree with the Commonwealth that we lack jurisdiction to entertain this interlocutory appeal and that we must remand pursuant to ***Commonwealth v. Diggs***, 172 A.3d 661 (Pa.Super. 2017). In ***Diggs***, we addressed our jurisdiction to hear interlocutory appeals from orders disposing of motions raising a § 110 claim. We held that Pa.R.Crim.P.

_____

[2] The Commonwealth states that it "will not prosecute defendant in connection with the additional burglary he committed on Mansfield Avenue just before damaging the awnings." Commonwealth's brief at 6. However, the Commonwealth does not take a position on whether the trial court erroneously failed to grant that relief, and in fact argued at the hearing on the motion to dismiss that it could proceed on the Mansfield Avenue burglary charges. It is unclear if the Commonwealth's statement of its intent to withdraw charges is based on a reassessment of the applicable legal principles, or whether some other factor has led to that decision.

587(B), which governs motions raising double jeopardy claims, equally applies to claims seeking relief under § 110. "As Section 110 'embodies the same basic purposes as those underlying the double jeopardy clauses, the interlocutory appealability of double jeopardy claims has been applied to claims based on Section 110.'" *Id*. at 664 (quoting *Commonwealth v. Bracalielly*, 658 A.2d 755, 759-60 (Pa. 1995)). *Diggs* quoted a case discussing a motion to dismiss on constitutional double jeopardy grounds, for the following:

> To establish whether a motion to dismiss on double jeopardy grounds qualifies as a collateral order, trial courts must now, *inter alia*, satisfy Rule 587(B)(3), (4), (5), and (6). Subsection (B)(3) requires the trial court, following a hearing, to enter on the record a statement of findings of fact and conclusions of law and its disposition of the double jeopardy motion. Subsection (B)(4) requires the trial court to render a specific finding on frivolousness in the event the court denies the double jeopardy motion. Subsection (B)(5) requires the trial court, if it finds frivolous the double jeopardy motion, to inform on the record a defendant of his or her right to petition for review under Pa.R.A.P. 1573 within 30 days of the order denying the motion. Subsection (B)(6) requires the court to advise a defendant of his immediate right to a collateral appeal if the court does not find the double jeopardy motion to be frivolous.

*Id*. (quoting *Commonwealth v. Taylor*, 120 A.3d 1017, 1022-23 (Pa.Super. 2015)).

*Diggs* extended those requirements to motions arising under § 110. As in *Diggs*, the trial court herein failed to, *inter alia*, render a specific finding of frivolousness when it denied the motion to dismiss. Those failures preclude this Court from exercising its jurisdiction to address the merits of

the appeal. "Without the requirements of Rule 587(B) having been met . . . we too are unable to determine whether we may exercise jurisdiction over this appeal." *Id*. at 664. We thus agree with the Commonwealth that, consistent with *Diggs*, we are constrained to vacate the order, and remand for proper compliance with Rule 587.[3]

Order vacated. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:5/21/18

---

[3] Since the Commonwealth has indicated that it will withdraw the charges respecting the Mansfield Avenue burglary, our disposition is without prejudice to Appellant's ability to refile a motion to dismiss following any such withdrawal.