J-S14023-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTONIO CONNOR | : | |
| | : | No. 1015 EDA 2017 |
| Appellant | : | |

Appeal from the Order Entered February 8, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0010553-2014

BEFORE:   OTT, J., McLAUGHLIN, J., and RANSOM*, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED MAY 31, 2018**

Antonio Connor appeals from the trial court's February 8, 2017 order denying his motion to dismiss his felony and misdemeanor charges pursuant to the compulsory joinder principles of 18 Pa.C.S.A. § 110.[1] We affirm.

The facts and procedural history, as gleaned from the trial court's opinion and the certified record, are as follows. The Commonwealth alleges that on July 29, 2014, at approximately 9:35 p.m., Connor entered a home on North Carlisle Street in Philadelphia and shot Jaffrea Corley in the chest. Corley survived after enduring multiple surgeries.

---

*   Retired Senior Judge assigned to the Superior Court.

[1] Our jurisdiction is secure. The order below is appealable as a collateral order, and the trial court certified that Connor's motion was not frivolous. **See Commonwealth v. Diggs**, 172 A.3d 661, 663 (Pa.Super. 2017).

A short time later, two Philadelphia Police Officers saw Connor driving westbound on the 1500 block of West Diamond Street. Unaware of the shooting, the officers attempted to stop Connor's car for driving without its headlights activated. Connor refused to pull over, disregarded stop signs and traffic lights, and ultimately crashed into a wall. The officers apprehended Connor and issued him citations for four summary traffic offenses.[2] Connor was also charged with numerous felony and misdemeanor offenses: aggravated assault, firearms not to be carried without a license, fleeing or attempting to elude police officer, carrying a firearm on public streets in Philadelphia, possessing instruments of crime ("PIC"), simple assault, and recklessly endangering another person ("REAP").[3]

The summary traffic charges were tried in the Philadelphia Municipal Court Traffic Division. On September 30, 2014, that court found Connor guilty of all four offenses.

The felony and misdemeanor charges proceeded separately in the Court of Common Pleas. Connor filed a motion to dismiss these charges on January 3, 2017. Citing the compulsory joinder rule of 18 Pa.C.S.A § 110, he argued that his prior conviction for the summary offenses barred a subsequent

---

[2] 75 Pa.C.S.A. § 3323 (stop signs and yield signs); 75 Pa.C.S.A. § 3736 (reckless driving); 75 Pa.C.S.A. § 3112 (traffic-control signals); and 75 Pa.C.S.A. § 4302 (periods for requiring lighted lamps).

[3] 18 Pa.C.S.A. §§ 2702(a), 6106(a)(1); 75 Pa.C.S.A. § 3733(a); and 18 Pa.C.S.A. §§ 6108, 907, 2701(a), and 2705, respectively.

prosecution of the felony and misdemeanor charges. The trial court held a hearing on January 24, 2017, and denied the motion. This appeal followed.

Connor raises a single issue for review:

> Did the trial court err in denying [Connor's] motion to dismiss this prosecution pursuant to 18 [Pa.C.S.A. §] 110 where the Commonwealth failed to join in one prosecution all offenses arising from the same criminal episode and occurring within the same judicial district, and where [Connor] was charged and found guilty of several summary traffic offenses prior to the commencement of trial on the related felony and misdemeanor charges forming the basis for the instant prosecution[?]

Connor's Br. at 4.

Connor challenges the trial court's application of 18 Pa.C.S.A. § 110(1)(ii). "[O]ur standard of review is *de novo*, and our scope of review is plenary." **Commonwealth v. Fithian**, 961 A.2d 66, 71 n.4 (Pa. 2008).

Section 110 provides (subject to conditions not relevant here) that a prior conviction or acquittal bars a subsequent prosecution for "any offense based on the same conduct or arising from the same criminal episode":

> Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:
>
> > The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for the same offense) and the subsequent prosecution is for:
> >
> > * * *
> >
> > (ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was

- 3 -

> known to the appropriate prosecuting officer at the time of the commencement of the first trial and occurred within the same judicial district as the former prosecution unless the court ordered a separate trial of the charge of such offense; . . .

18 Pa.C.S.A. § 110(1)(ii).

Thus, under Section 110(1)(ii), a prior conviction or acquittal precludes a subsequent prosecution if four requirements are present:

> (1) the former prosecution must have resulted in an acquittal or conviction;
>
> (2) the current prosecution is based upon the same criminal conduct or arose from the same criminal episode as the former prosecution;
>
> (3) the prosecutor was aware of the instant charges before the commencement of the trial on the former charges; and
>
> (4) the current offense occurred within the same judicial district as the former prosecution.

*Fithian*, 961 A.2d at 72.

To determine whether charges arise from the same criminal episode, courts must examine both the "'temporal" and "logical" relationship among the charges. *Commonwealth v. Reid*, 77 A.3d 579, 582 (Pa. 2013) (quoting *Commonwealth v. Hude*, 458 A.2d 177, 181 (Pa. 1983)). A "logical relationship" exists if there is a "substantial duplication" of either factual or legal issues. *Id.* In conducting this analysis, a court should not limit itself to merely comparing the offenses charged. Rather, the court "should also consider whether . . . there is 'commonality' of legal issues within the two prosecutions." *Id.* at 585-86.

In a recent case, we concluded that jurisdictional limitations applicable in Philadelphia County permit summary traffic charges to be tried separately from felony and misdemeanor charges. *See Commonwealth v. Perfetto*, 169 A.3d 1114 (Pa.Super. 2017) (*en banc*), *appeal granted*, No. 455 EAL 2017, 2018 WL 1074482 (Pa. Feb. 27, 2018). There, we held that Section 110 does not bar a subsequent prosecution for misdemeanor or felony charges, where a previous prosecution for summary traffic offenses took place in the Philadelphia Municipal Court Traffic Division. We explained that jurisdiction is an implicit consideration in any compulsory joinder analysis, and the Philadelphia Municipal Court Traffic Division has exclusive jurisdiction over traffic offenses. *Id.* at 1121. We thus concluded that dismissal of the subsequent prosecution of felony and misdemeanor charges was not proper. *Id.* at 1124-25.

Here, the trial court concluded that the subsequent trial for the felony and misdemeanor charges was not barred, because the two groups of charges – those relating to the shooting and those relating to Connor's driving – stemmed from unrelated facts and did not share legal issues. The court explained:

> Although the shooting and traffic violations occurred within a short period of time, they were based on completely different sets of facts. At the time Officer Stevenson saw [Connor] driving without his headlights, running stop signs, and disregarding red traffic signals, he had no knowledge whatsoever that [Connor] was fleeing from the scene of a shooting. Likewise, the victim and witness to the shooting have no knowledge of [Connor's] driving infractions after he fled the scene. Because there is no duplication of factual or

- 5 -

legal issues, joint prosecution of the offenses was not required.

Trial Court Opinion, filed 9/12/17, at 3.

We agree with the trial court's reasoning, and conclude that that Section 110(1)(ii) did not preclude a subsequent trial for the felony and misdemeanor charges. Although the incidents at issue share a close temporal relationship, the legal issues and evidence in question are almost entirely divergent. Under *Perfetto*, Connor's convictions for the traffic violations pose no bar to a separate trial on the felony and misdemeanor charges. We accordingly affirm the trial court's denial of Connor's motion to dismiss.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/31/18